BIANCAMANO & DI STEFANO P.C.
Executive Plaza
10 Parsonage Road - Suite 300
Edison, New Jersey 08837
Telephone: 732-549-0220

File No. 20016-01519 GJK

Attorneys for Defendants, Joseph Smentkowski, Inc., d/b/a Galaxy Carting and/or Smentkowski Garbage Removal

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY – NEWARK DIVISION

| | |
|---|---|
| JUAN LUNA DOMINGUEZ and MARLON JOE GRANADOS, individually and on behalf of all other persons similarly situated who were employed by GALAXY RECYCLING INC., and/or any other entities affiliated with or controlled by GALAXY RECYCLING, INC., <br><br>Plaintiffs,<br>vs.<br><br>GALAXY RECYCLING INC. JOSEPH SMENTKOWSKI INC., d/b/a GALAXY CARTING and/or SMENTKOWSKI GARBAGE REMOVAL, and GARY GIORDANO, individually.<br><br>Defendants. | CIVIL ACTION<br>FILE NO. 12 CV 7521<br><br>ACTION UNDER<br>29 U.S.C. § 201 *et seq.*<br><br>ANSWER TO AMENDED COLLECTIVE ACTION COMPLAINT |

The Defendants, Joseph Smentkowski, Inc., d/b/a Galaxy Carting and/or Smentkowski Garbage Removal by way of Answer to the Plaintiff's Amended Complaint, says

### NATURE OF ACTION

1. Inasmuch as the allegations of Paragraph 1 do not state a claim for relief against these Defendants, these Defendants make no answer thereto, but, insofar as they may be intended to purport to set forth a claim for relief against these Defendants, they are denied.

2. Defendants deny the allegations contained in Paragraph 2 of the Amended Complaint and leave Plaintiffs to their proofs.

3. Defendants deny the allegations contained in Paragraph 3 of the Amended Complaint

and leave Plaintiffs to their proofs.

4. Inasmuch as the allegations of Paragraph 4 do not state a claim for relief against these Defendants, these Defendants make no answer thereto, but, insofar as they may be intended to purport to set forth a claim for relief against these Defendants, they are denied.

## JURISDICTION

5. Defendants admit the allegations contained in Paragraph 5 of the Amended Complaint.

## VENUE

6. Defendants admit the allegations contained in Paragraph 6 of the Amended Complaint.

## THE PARTIES

7. Defendants deny that Plaintiff, Juan Luna Dominguez worked from 3:00 a.m. to 2:00 or 3:00 p.m., 5 days a week. Defendants deny that Plaintiff, Juan Luna Dominguez was paid $125.00 per day regardless of how many hours he worked.

8. Defendants deny that Plaintiff, Marlon Jose Granados worked from 3:00 a.m. to 2:00 or 3:00 p.m., 5 days a week. Defendants deny that Plaintiff, Marlon Jose Granados was paid $125.00 per day regardless of how many hours he worked.

9. Inasmuch as the allegations of Paragraph 4 do not state a claim for relief against these Defendants, these Defendants make no answer thereto, but, insofar as they may be intended to purport to set forth a claim for relief against these Defendants, they are denied.

10. The Defendants have numerous facilities including 3 New York Avenue, Jersey City, New Jersey and 160 Jersey Avenue, Jersey City, New Jersey.

11. Defendants admit the allegations regarding Gary Giordano's residence.

12. Defendants deny the allegations contained in Paragraph 12 of the Amended Complaint and leave Plaintiffs to their proofs.

13. Defendants deny the allegations contained in Paragraph 13 of the Amended Complaint and leave Plaintiffs to their proofs.

14. Defendants deny the allegations contained in Paragraph 14 of the Amended Complaint and leave Plaintiffs to their proofs.

15. Defendants deny the allegations contained in Paragraph 15 of the Amended Complaint and leave Plaintiffs to their proofs.

16. Inasmuch as the allegations of Paragraph 16 do not state a claim for relief against these Defendants, these Defendants make no answer thereto, but, insofar as they may be intended to purport to set forth a claim for relief against these Defendants, they are denied.

17. Defendants deny the allegations contained in Paragraph 17 of the Amended Complaint and leave Plaintiffs to their proofs. Paragraph 17 asserts a contention of law and, as such, Defendant makes no response thereto. To the extent that Plaintiff(s) is asserting allegations of fact, same are denied.

18. Inasmuch as the allegations of Paragraph 18 do not state a claim for relief against these Defendants, these Defendants make no answer thereto, but, insofar as they may be intended to purport to set forth a claim for relief against these Defendants, they are denied. These defendants admit that the named plaintiffs were employed by Joseph Smentkowski, Inc.,

19. Defendants deny the allegations contained in Paragraph 19 of the Amended Complaint and leave Plaintiffs to their proofs.

20. Defendants deny the allegations contained in Paragraph 20 of the Amended Complaint and leave Plaintiffs to their proofs.

21. Defendants deny the allegations contained in Paragraph 21 of the Amended Complaint and leave Plaintiffs to their proofs.

22. Defendants deny the allegations contained in Paragraph 22 of the Amended Complaint and leave Plaintiffs to their proofs.

23. Inasmuch as the allegations of Paragraph 23 do not state a claim for relief against these Defendants, these Defendants make no answer thereto, but, insofar as they may be intended to purport to set forth a claim for relief against these Defendants, they are denied.

24. Defendants deny the allegations contained in Paragraph 24 of the Amended Complaint and leave Plaintiffs to their proofs.

25. Defendants deny that all of the named plaintiffs and members of the putative class were employed by these Defendants from 2009 through the present date.

26. These Defendants cannot admit or deny the allegations contained in Paragraph 26 as all the members of the putative class have not been identified.

27. Defendants also deny that the named Plaintiffs and members of the putative class did not receive any overtime wages.

28. Paragraph 28 asserts a contention of law and, as such, Defendants makes no response thereto. To the extent that Plaintiff(s) is asserting allegations of fact, same are denied.

29. Defendants deny the allegations contained in Paragraph 29 of the Amended Complaint and leave Plaintiffs to their proofs.

30. Defendants deny the allegations contained in Paragraph 310 of the Amended Complaint and leave Plaintiffs to their proofs.

31. Defendants deny the allegations contained in Paragraph 31 of the Amended Complaint and leave Plaintiffs to their proofs.

32. Defendants deny the allegations contained in Paragraph 32 of the Amended Complain and leave Plaintiffs to their proofs.

33. Defendants deny the allegations contained in Paragraph 33 of the Amended Complaint and leave Plaintiffs to their proofs.

### FIRST CAUSE OF ACTION
### AGAINST DEFENDANTS:
### FLSA OVERTIME COMPENSATION

34. Defendant repeats and reiterates its answers to all of the previous allegations of the Complaint with full force and effect as though more fully set forth herein at length.

35. Inasmuch as the allegations of Paragraph 35 do not state a claim for relief against these Defendants, these Defendants makes no answer thereto, but, insofar as they may be intended to purport to set forth a claim for relief against these Defendants, they are denied.

36. Inasmuch as the allegations of Paragraph 36 do not state a claim for relief against these Defendants, these Defendants makes no answer thereto, but, insofar as they may be intended to purport to set forth a claim for relief against these Defendants, they are denied.

37. Defendants admit the allegations contained in Paragraph 37 of the Amended Complaint and leave Plaintiff to its proofs.

38. These Defendants admit employing some of the named plaintiff's, however these Defendants deny any violations of FLSA, 29 U.S.C. 203 (d).

39. Defendants deny the allegations contained in Paragraph 39 of the Amended Complaint and leave Plaintiffs to their proofs.

40. Defendants deny the allegations contained in Paragraph 40 of the Amended Complaint and leave Plaintiffs to their proofs.

41. Defendants deny the allegations contained in Paragraph 40 of the Amended Complaint and leave Plaintiffs to their proofs.

## SECOND CAUSE OF ACTION
## AGAINST THE DEFENDANTS:
## NEW JEREY OVERTIME COMPENSATION

42. Defendant repeats and reiterates its answers to all of the previous allegations of the Complaint with full force and effect as though more fully set forth herein at length.

43. Defendants deny the allegations contained in Paragraph 43 of the Amended Complaint and leave Plaintiffs to their proofs.

**WHEREFORE**, **Defendants, Joseph Smentkowski, Inc., d/b/a Galaxy Carting and/or Smentkowski Garbage Removal**, together with costs of suit.

### FIRST SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust administrative remedies.

### SECOND SEPARATE DEFENSE

At all times relevant hereto, Defendants have acted in good faith and has not violated any rights which may inure to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

### THIRD SEPARATE DEFENSE

Plaintiff's claims for damages are barred or reduced by the failure of Plaintiff to mitigate damages by using reasonable diligence to seek and obtain compensable employment elsewhere.

### FOURTH SEPARATE DEFENSE

This Court lacks jurisdiction over the subject matter of this action and this party reserves the right to move for dismissal of the pleading.

## FIFTH SEPARATE DEFENSE

The affirmative pleading herein fails to state a claim upon which relief may be granted and this party reserves the right to move at or before the time of trial to dismiss same.

## SIXTH SEPARATE DEFENSE

The Plaintiff has failed to join a necessary or indispensable party without whom this action cannot proceed.

## SEVENTH SEPARATE DEFENSE

The affirmative pleading fails to state a claim upon which relief can be granted, this Court lacks jurisdiction over the subject matter of this action, and the Plaintiff is barred from recovery as a matter of law because the alleged claim was not made and perfected in the manner and within the time provided and required by law, statute, regulation or contract upon which it is predicated.

## EIGHTH SEPARATE DEFENSE

The claim is barred by the entire controversy doctrine and the mandatory counterclaim rule.

## NINTH SEPARATE DEFENSE

The applicable law, rule, statute or regulation, including, but not limited to the Statute of Limitations, controlling or requiring the institution of suit within a certain period of time following its accrual, was not complied with by the Plaintiff and, accordingly, the Plaintiff=s claim is barred as a matter of law.

## TENTH SEPARATE DEFENSE

### [NOTE: ONLY IF PUNITIVE DAMAGES ARE SOUGHT]

The basis of Plaintiff's cause of action is against the public policy of this State and the claim for punitive damages is barred as a matter of law.

### ELEVENTH SEPARATE DEFENSE

Any and all injuries and damages sustained were the result of a third party over whom this party had no control.

### TWELTH SEPARATE DEFENSE

The basis of Plaintiff's cause of action is against a public punitive policy of this State and the claim is barred as a matter of law.

### THIRTEENTH SEPARATE DEFENSE

The claim filed against these Defendants have been commenced, used, or continued in bad faith, solely for the purpose of harassment, delay or malicious injury. Accordingly, Defendants reserve their rights, pursuant to *N.J.S.A. 2A:15-59.1*, to seek reimbursement for all reasonable litigation costs and counsel fees expended in defense of this claim.

### FOURTEENTH SEPARATE DEFENSE

Plaintiff is estopped and barred by Plaintiff's own conduct from recovering any relief.

### FIFTEENTH SEPARATE DEFENSE

The Complaint is barred, in whole or in part, by Plaintiff's own contributory and/or comparative fault.

### SIXTEENTH SEPARATE DEFENSE

The Plaintiffs were paid all wages due and owing.

### DEMAND FOR TRIAL BY JURY

PLEASE TAKE NOTICE THAT the Defendants, **JOSEPH SMENTKOWSKI INC., D/B/A GALAXY CARTING AND/OR SMENTKOWSKI GARBAGE REMOVAL** hereby demand a trial of the issue by a jury of six persons.

Date: 12/2/13

**BIANCAMANO & DI STEFANO, P.C.**
Attorneys for Defendants, Joseph Smentkowski, Inc., d/b/a Galaxy Carting and/or Smentkowski Garbage Removal.

By: _____
BRENT R. POHLMAN, ESQ.

### CERTIFICATION

I hereby certify that a copy of the within document has been filed with the Clerk of the above captioned Court and that a copy of same was served upon all interested attorneys, within the time allowed by the Rules of Court, as extended.

**BIANCAMANO & DI STEFANO, P.C.**
Attorneys for Defendants, Joseph Smentkowski, Inc., d/b/a Galaxy Carting and/or Smentkowski Garbage Removal.

Date: 12/2/13

By: _____
BRENT R. POHLMAN, ESQ.