UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN LUNA DOMINGUEZ and MARLON JOSE GRANADOS, individually and on behalf of all other persons similarly situated who were employed by GALAXY RECYCLING INC., JOSEPH SMENTKOWSKI, INC. d/b/a GALAXY CARTING and/or SMENTKOWSKI GARBAGE REMOVAL and/or any other entities affiliated with or controlled by GALAXY RECYCLING INC., JOSEPH SMENTKOWSKI, INC. d/b/a GALAXY CARTING and/or SMENTKOWSKI GARBAGE REMOVAL,<br><br>                                                      Plaintiffs,<br><br>-against-<br><br>GALAXY RECYCLING INC., JOSEPH SMENTKOWSKI, INC. d/b/a GALAXY CARTING and/or SMENTKOWSKI GARBAGE REMOVAL, and GARY GIORDANO, individually,<br><br>                                                      Defendants. | **Docket No.: 12-cv-7521 (MCA) (LDW)** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT,
AND APPROVAL OF PLAINTIFFS' NOTICE OF PROPOSED SETTLEMENT OF
CLASS AND COLLECTIVE ACTION LAWSUIT AND CLAIM FORM AND RELEASE**

TABLE OF CONTENTS

INTRODUCTION………………………………………………………………………………..1

I.     FACTUAL AND PROCEDURAL BACKGROUND……………………………..……1

    **A.** Nature of Plaintiffs' Claims………………………………………………...……1

    **B.** Settlement Negotiations……………..……………………………………….…...2

II.     SUMMARY OF THE SETTLEMENT TERMS……………………………………....2

    A. Allocation Formula……...……………………………………………………….2

    B. Releases…………..……………………………………………………….……...3

    C. Attorneys' Fees, Litigation Costs, and Service Awards…………………….......3

CLASS ACTION SETTLEMENT PROCEDURE………………….………………4

PRELIMINARY APPROVAL OF THE SETTLEMENT IS APPROPRIATE………………..5

    A. The Settlement is Fair, Reasonable, and Adequate. ……………….…………6

    B. Litigation Through Trial Would be Complex, Costly, and Long (*Girsh* Factor 1)……………………………………………………………………………7

    C. The Reaction of the Class Has Been Positive (*Girsh* Factor 2)………………...8

    D. Discovery Has Advanced Far Enough to Allow the Parties to Resolve the Case Responsibly (*Girsh* Factor 3)………………………………………...………8

    E. Plaintiffs Would Face Real Risks If the Case Proceeded (*Girsh* Factors 4 and 5)……9

    F. Risks Involved in Maintaining the Class Through Trial (*Girsh* Factor 6)………..…9

    G. Defendants' Ability to Withstand a Greater Judgment is Not Determinative (*Girsh* Factor 7)………………………………………...……………...10

    H. The Settlement Fund is Substantial, Even in Light of the Best Possible Recovery and the Attendant Risks of Litigation (*Girsh* Factors 8 and 9)...…………………10

THE NOTICE PLAN AND DISTRIBUTION PROCESS ARE APPROPRIATE..……………11

CONCLUSION…………………………………………………………………….12


# **TABLE OF AUTHORITIES**

**CASES**                                                                                                                         Page(s)

Bernhard v. TD Bank, N.A.,
2009 U.S. Dist. LEXIS 92308 (D.N.J. Oct. 5, 2009)..........……………….………….……….6

Dorn v. Eddington Sec., Inc.,
No. 08 Civ. 10271, 2011 WL 382200 (S.D.N.Y. Jan. 21, 2011)………….…………………….9

Ehrheart v. Verizon Wireless,
609 F.3d 590 (3d Cir.2010)...……………..………….…………….………….………..….........5, 7

Girsh v. Jepson,
521 F.2d 153 (3d Cir.1975)…………………...………………….……………………*passim*

In re Baby Products Antitrust Litig.,
708 F.3d 163 (3d Cir. 2013)…………………………………….………….….......................6

In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Products Liab. Litig.,
55 F.3d 768 (3d Cir. 1995)………….……………………………………………..…….........5

In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions,
148 F.3d 283 (3d Cir. 1998)………………………………………………………..…….......5

In re Warfarin Sodium Antitrust Litig.,
391 F.3d 516 (3d Cir. 2004)………....……………………………………….………............5, 8

Larson v. Sprint Nextel Corp.,
No. 07-5325JLL, 2009 WL 1228443 (D.N.J. Apr. 30, 2009) …………………………………..12

Lenahan v. Sears, Roebuck & Co.,
No. CIV. 02-0045, 2006 WL 2085282 (D.N.J. July 24, 2006) aff'd, 266 F. App'x 114 (3d Cir. 2008)…………………………………………………..….…………………………….10

Martina v. L.A. Fitness Int'l, Inc.,
2013 U.S. Dist. LEXIS 145285 (D.N.J. Oct. 8, 2013)…………………………………...…..6

Mazon v. Wells Fargo Bank, N.A.,
No. CIV. 10-700 RBK/KMW, 2011 WL 6257149 (D.N.J. Dec. 14, 2011)...................……...6, 11

Singleton v. First Student Mgmt. LLC,
No. CIV.A. 13-1744 JEI, 2014 WL 3865853 (D.N.J. Aug. 6, 2014)..……..……………...........11

Smith v. Prof'l Billing & Mgmt. Servs.,
2007 U.S. Dist. LEXIS 86189 (D.N.J. Nov. 21, 2007)……………………………....…6

Weber v. Gov't Employees Ins. Co.,
262 F.R.D. 431 (D.N.J. 2009)……………………………….................................................8, 10


**STATUTES**

*Federal Statutes*
Fed. R. Civ. P. 23……………………………………................................................ *passim*


**SECONDARY SOURCES**

HERBERT B. NEWBERG & ALBA CONTE, NEWBERG ON CLASS ACTIONS, §§ 11.22, et seq. (4th ed. 2002) …………...............................……………..................……………......................4, 5, 7

## INTRODUCTION

Subject to this Court's approval, Plaintiff Juan Luna Dominguez (the "Named Plaintiff") and Defendants Galaxy Recycling Inc. ("Galaxy"), Joseph Smentkowski, Inc. ("Smentkowski"), and Gary Giordano ("Giordano") (collectively "Defendants") have settled this wage and hour class and collective action. The proposed settlement satisfies all of the criteria for preliminary approval. Plaintiffs respectfully request that the Court (1) grant preliminary approval of the Settlement Agreement and Release (the "Settlement" or "Settlement Agreement"), (2) remove Marlon Granados as a class representative in this action, and (2) approve the Notice of Proposed Class Action Settlement, and Claim and Release Form.[1] Defendants do not oppose this motion.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

#### A.   Nature of Plaintiffs' Claims

This is an action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b), New Jersey Statutes §§ 34:11-56a4 *et seq.* to recover unpaid wages and overtime compensation allegedly owed to Named Plaintiff and all similarly-situated persons employed by Defendants in the waste carting industry. *See* Newhouse Declaration ¶ 3.

Plaintiffs, with the consent of Defendants, request that the Court preliminarily approve the settlement reached by the parties. *See* Newhouse Declaration ¶ 1.

#### B.   Settlement Negotiations

The parties devoted the better part of six months attempting to settle this action. To this end, Defendants' produced more 14,000 pages of payroll and time records; Plaintiffs' Counsel conducted interviews with class and collective members, and counsel for the parties participated

---

[1] Annexed to the Newhouse Declaration in support of the motion are the following: proposed Settlement Agreement, Notice of Class Action Settlement and Release, Claim Form, Implementing Order as Exhibits "A" "B", "C", and "D", respectively.

1

in multiple in-person and telephone settlement conferences, including an in-person settlement conference with Magistrate Judge Leda Dunn Wettre, the results of which have culminated in this proposed settlement. *See* Newhouse Declaration ¶ 8.

### C. Class Representation

Class Counsel requests the Court to remove Named Plaintiff Marlon Jose Granados as class representative. Class Counsel has been unable to contact Mr. Granados since the commencement of settlement negotiations despite diligent efforts. Removing Mr. Granados as a class representative will not affect his status as a class and collective member under the Agreement. The removal of Named Plaintiff Granados as a class representative does not impact the settlement of this action, as Juan Luna Dominguez has actively participated in settlement negotiations. *See* Newhouse Declaration ¶¶ 13-14.

## II.   SUMMARY OF THE SETTLEMENT TERMS

### A. Allocation Formula

The Parties have agreed to settle this action for a total of $1,200,000.00. *See* Settlement Agreement § 3.4(A)(1). The proposed agreement calls for the settlement fund to be distributed such that each Authorized Claimant shall receive 4.5% of their W-2 or 1099 reported gross earnings during December 7, 2010 through December 31, 2015 (the "Relevant Period"). *See* Settlement Agreement § 3.4 (A)(2). In addition to those payments, FLSA Collective Members shall receive liquidated damages in an amount equal to 100% of the wages they are entitled to for this period. *Id*. at § 3.4(A)(3).

### B. Releases

Each Class Member who does not timely opt-out of the settlement shall release Defendant Smentkowski from all New Jersey state wage and hour law claims that arose or in any way related

to his or her employment with Defendants, including but not limited to claims that were, or could have been, brought in the litigation, and interest, liquidated damages, attorneys' fees, and costs with respect to such claims. *See* Settlement Agreement §§ 1.30, 1.31, 2.7(D), 2.10(B), 3.6 (A)-(D). Each Class Member who files a timely and valid Claim Form and Release shall release Smentkowski from all claims under the Fair Labor Standards Act and all New Jersey State law claims, that arose or in any way are related to wages earned for work performed, including but not limited to those claims that were, or could have been, brought in the litigation, and interest, liquidated damages, attorneys' fees, and costs with respect to such claims. *See id.* at §§ 1.30, 1.31, 2.7(D), 2.10(B), 3.6 (A)-(D).

Parties have agreed to dismiss without prejudice the claims against Giordano and Galaxy. *See id.* at § 3.6 (E).

C. **Attorneys' Fees, Litigation Costs, and Service Awards**

Pursuant to Fed. R. Civ. P. 23(h) and 54(d)(2), Class Counsel will move for attorneys' fees and costs not to exceed Four-Hundred and Fifty Thousand Dollars ($450,000.00) along with their Application for Final Approval of the Settlement. *See* Settlement Agreement § 3.2(A). Plaintiffs will apply for service and/or enhancement awards in the amount not to exceed $10,000 for Named Plaintiff Juan Dominguez in recognition of the services he rendered on behalf of the class ("Service Awards"). Defendants shall not oppose this application. *See id.* at § 3.3(A)-(B). The Court need not rule on the proposed attorneys' fees award or service award now. Plaintiffs will file separate motions asking the Court to approve them simultaneously with Plaintiffs' Motion for Final Approval of the Settlement. *See id.* at § 3.3(A). Defendants do not oppose the proposed attorneys' fees award or the service awards.

Defendant Smentkowski shall generate and distribute the settlement payments within sixty

(60) days after the Final Effective Date. *See* Settlement Agreement §§ 1.16, 3.1(A)(1). Defendant Smentkowski shall make all payments to Class Counsel for legal fees and costs within 120 days of the Final Effective Date. *Id.*

## III. CLASS ACTION SETTLEMENT PROCEDURE

The well-defined class action settlement procedure includes three distinct steps:

1. Preliminary approval of the proposed settlement after submission to the Court of a written motion for preliminary approval;

2. Dissemination of mailed and/or published notice of settlement to all affected class members; and

3. A final settlement approval hearing at which class members may be heard regarding the settlement, and at which argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented.

*See* Fed. R. Civ. P. 23(e); *see also* Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("*Newberg*"), §§ 11.22, *et seq.* (4th ed. 2002). Plaintiffs request that the Court take the first step– granting preliminary approval of the Settlement Agreement, approving Plaintiffs' Proposed Notice, and authorizing Plaintiffs to publish the Notice to Class Members.

The Parties respectfully submit the following proposed schedule for final resolution of this matter for the Court's consideration and approval:

1. Within fifteen (15) days of the Court's issuance of a Preliminary Approval Order, Defendants shall provide the Settlement Claims Administrator and Class Counsel, in electronic form, for all Class Members the following information: Name, Last Known Address as that information exists in Defendants' records ("Class List"). *See* Settlement Agreement §§ 1.7, 2.5(A).

2. Within thirty (30) days of the signing of the Preliminary Approval Order, or as otherwise ordered by the Court, the Settlement Claims Administrator shall mail to all Class Members, via First Class United States Mail the Court-approved Notice of Proposed Settlement of Class Action Lawsuit, W-4 Forms, and Claim Forms. *See* Settlement Agreement § 2.5(B).

3. Class Members will have sixty (60) days after the mailing of the Notice to file a claim or to dispute or opt-out of the settlement. *See* Settlement Agreement § 2.5(E), 2.7(B), 2.8(A).

4. Authorized Claimants shall have thirty (45) days from the Bar Date to dispute his or her Individual Gross Amount. If the Authorized Claimant fails to opt-out or dispute his or her Individual Gross Amount, the offer shall be deemed accepted, and will be paid to the Authorized Claimant in accordance with the terms of the Settlement Agreement. *See* Settlement Agreement § 2.6 (E).

5. After the Bar Date, in accordance with the schedule set by the Court in the Preliminary Approval Order and in advance of the Fairness Hearing, Class Counsel will file supporting documents for final approval of the settlement ("Application for Final Approval"). *See* Settlement Agreement § 2.10.

6. After the final Fairness Hearing, if the Court grants Plaintiffs' Application for Final Approval of the Settlement, the Court will issue a Final Order. If no reconsideration or rehearing is sought of the Court's Final Order, and no appeal is filed, the Final Effective Date for distribution of settlement funds shall be no later than thirty-one (31) days after the Final Approval Order is entered by the Court. *See* Settlement Agreement § 1.16.

## IV. PRELIMINARY APPROVAL OF THE SETTLEMENT IS APPROPRIATE

The law favors compromise and settlement of class action suits. *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Products Liab. Litig.*, 55 F.3d 768, 784 (3d Cir. 1995); *see Ehrheart v. Verizon Wireless*, 609 F.3d 590, 594–95 (3d Cir. 2010) (noting the strong judicial policy in favor of settlements, particularly in the class action context) (internal quotation marks and citation omitted); *see also In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 535 (3d Cir. 2004) ("[T]here is an overriding public interest in settling class action litigation, and it should therefore be encouraged."); *Newberg* § 11.41 ("The compromise of complex litigation is encouraged by the courts and favored by public policy.").

The approval of a proposed class action settlement is a matter of the court's discretion. *See In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 299 (3d Cir. 1998); *see also In re Lucent Technologies*, *Inc.*, *Sec. Litig.*, 307 F. Supp. 2d 633, 641-42 (D.N.J. 2004) (noting that courts enjoy considerable discretion in evaluating and approving proposed settlements). "[Courts] . . . owe[] deference to a settlement as the negotiated agreement of private parties." *Martina v. L.A. Fitness Int'l, Inc.*, 2013 U.S. Dist. LEXIS 145285 (D.N.J. Oct. 8, 2013).

Furthermore, as the Third Circuit recently explained, "[s]ettlements are private contracts reflecting negotiated compromises. The role of a [court] is not to determine whether the settlement is the fairest possible resolution [but only whether] the compromises reflected in the settlement . . . are fair, reasonable, and adequate when considered from the perspective of the class as a whole." *In re Baby Products Antitrust Litig.*, 708 F.3d 163, 173-74 (3d Cir. 2013) (citation omitted).

Preliminary approval requires only a "preliminary evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties. *See Bernhard v. TD Bank, N.A.*, 2009 U.S. Dist. LEXIS 92308 (D.N.J. Oct. 5, 2009). Preliminary approval is not binding, and should be granted unless a proposed settlement is obviously deficient. *Mazon v. Wells Fargo Bank, N.A.*, No. CIV. 10-700 RBK/KMW, 2011 WL 6257149, at *1 (D.N.J. Dec. 14, 2011); *see Smith v. Prof'l Billing & Mgmt. Servs.*, 2007 U.S. Dist. LEXIS 86189 (D.N.J. Nov. 21, 2007) (noting that "[p]reliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason) (internal quotation marks and citation omitted).

Preliminary approval is the first step in the settlement process. It simply allows notice to issue and for Class Members to join in the settlement, object or opt-out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of Class Members' input.

### A. The Settlement is Fair, Reasonable, and Adequate

In evaluating a class action settlement, courts in the Third Circuit generally consider the nine factors set forth in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir.1975) (quoting City of Detroit v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger*

6

*v. Integrated Resources*, *Inc.*, 209 F.3d 43 (2d Cir. 2000)) ("*Girsh*").

Although the Court's task on a motion for preliminary approval is merely to perform an "initial evaluation," *Newberg* § 11.25, to determine whether the settlement falls within the range of possible final approval, or "the range of reasonableness," *id*. at § 11.26, it is useful for the Court to consider the criteria on which it will ultimately judge the settlement.

The *Girsh* factors are (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Girsh*, 521 F.2d at 157. All of the *Girsh* factors weigh in favor of approval of the Settlement Agreement, and certainly in favor of preliminary approval.

### B. Litigation Through Trial Would be Complex, Costly, and Long (*Girsh* Factor 1)

By reaching a favorable settlement prior to dispositive motions or trial, Plaintiffs seek to avoid significant expense and delay, and instead ensure recovery for the class. "Most class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them." *Ehrheart*, 609 F.3d at 595. This case is no exception, with over 600 Class Members and claims under federal and state law.

Further litigation here would cause additional expense and delay. Indeed, if the parties were unable to settle, a fact-intensive trial would necessarily follow. A trial would be lengthy and complex and would consume tremendous time and resources for the Parties and the Court. Any

7

judgment would likely be appealed, further extending the litigation. The settlement, on the other hand, makes monetary relief available to Class Members in a prompt and efficient manner. Therefore, the first *Girsh* factor weighs in favor of approval.

### C. The Reaction of the Class Has Been Positive (*Girsh* Factor 2)

Notice of the settlement and its details have not yet been issued to the Class. The Court should more fully analyze this factor after notice issues and Class Members are given the opportunity to opt-out or object. At this early stage in the process, the Named Plaintiff has expressed approval of the settlement.

### D. Discovery Has Advanced Far Enough to Allow the Parties to Resolve the Case Responsibly (*Girsh* Factor 3)

The Parties have completed enough discovery to recommend settlement. The proper question is "whether counsel had an adequate appreciation of the merits of the case before negotiating." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d at 537.

The Parties' discovery here meets this standard. Plaintiffs' Counsel conducted an investigation and legal research on the underlying merits of the class claims, the likelihood of obtaining liquidated damages and the proper measure of damages. They also researched Defendants' likely affirmative defenses. After filing, Plaintiffs' Counsel conducted further investigations including, but not limited to, interviewing and obtaining declarations from Plaintiffs, Class Members and Collective Members, participating in discovery, depositions, class/collective certification motion practice, and summary judgment motion practice. *See* Newhouse Dec., ¶ 9. Plaintiffs' Counsel have reviewed data and other documents produced by Defendants in response to discovery demands for Plaintiffs. This factor favors preliminary approval. *See Weber v. Gov't Employees Ins. Co.*, 262 F.R.D. 431, 438 (D.N.J. 2009) (finding that "[b]ased upon the discovery and review and pretrial preparation, Class Counsel was able to

evaluate the substantial time and expense that would be required to prosecute the case further and realized that appeals would be likely even in the event of a successful resolution of any claims— individual or class"); *see also Dorn v. Eddington Sec.*, *Inc*., No. 08 Civ. 10271, 2011 WL 382200, at *3 (S.D.N.Y. Jan. 21, 2011) (finding that "Plaintiff's Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiff's and the class members' claims").

### E. Plaintiffs Would Face Real Risks If the Case Proceeded (*Girsh* Factors 4 and 5)

Although Plaintiffs' Counsel believe their case is strong, it is subject to considerable risk. While the Court has already denied Defendants' motion for summary judgment, [Docket No. 108 (denying motion summary judgment on the grounds that Defendants waived their right to raise the Motor Carrier Act ("MCA") exemption as an affirmative defense)], there is still the chance that, if appealed following trial, the Third Circuit could overturn this Court's decision.

Furthermore, a trial on the merits would involve risks to both parties. First, since this action is a class action, and involves numerous absent class members, it is possible that many class members my not wish to participate in trial of this action. Second, while Plaintiffs' Counsel believes that they could ultimately establish both liability and damages, this would require significant factual development. Plaintiffs' Counsel are experienced and realistic, and understand that the resolution of liability issues, the outcome of the trial, and the inevitable appeals process are inherently uncertain in terms of outcome and duration. The proposed settlement alleviates these uncertainties. This factor therefore weighs in favor of approval.

### F. Risks Involved in Maintaining the Class Through Trial (*Girsh* Factor 6)

Defendants would most likely seek appeal of the Court's determination, especially on the Court's finding that Defendants waived their right to raise the MCA exemption as an affirmative defense. Settlement eliminates the risk and delay inherent in this process. As such, this factor

weighs in favor of approval.

### G. Defendants' Ability to Withstand a Greater Judgment is Not Determinative (*Girsh* Factor 7)

Defendants have indicated that they cannot withstand a larger judgment than has been negotiated. Defendant Galaxy Recycling, Inc. has filed for bankruptcy. Defendant Gary Giordano is an individual. Defendant Smentkowski has provided financial documents for purposes of settlement only that support its position that it cannot afford a larger judgment should this case go to trial. Thus, this factor weighs in favor of approval. *See* Newhouse Dec., ¶ 11.

### H. The Settlement Fund is Substantial, Even in Light of the Best Possible Recovery and the Attendant Risks of Litigation (*Girsh* Factors 8 and 9)

Defendants have agreed to settle this case for a substantial sum. The amount represents substantial value given the attendant risks of litigation, even though recovery could be greater if Plaintiffs succeeded on all claims at trial, and survived an appeal.

The determination of whether a settlement amount is reasonable "require[s] the court to consider whether proposed settlement falls within range of reasonableness in light of best possible recovery and attendant risks posed by litigation[.]" *Weber*, 262 F.R.D. at 446. "The settlement of a class action may be appropriate even where the settlement is only a fraction of the ultimate total exposure should the case be decided at trial." *See Lenahan v. Sears*, *Roebuck & Co.*, No. CIV. 02-0045, 2006 WL 2085282, at *16 (D.N.J. July 24, 2006) aff'd, 266 F. App'x 114 (3d Cir. 2008). "It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not *per se* render the settlement inadequate or unfair." *Id.* at *16 (approving a $15 million settlement when maximum exposure at trial may have been as high as $104 million because of the uncertainty of the final disposition of a trial); *see also Singleton*, 2014 WL 3865853, at *7 (approving a settlement of 40% of the estimated best possible outcome of the class action).

10

Here, the settlement provides much more than "a fraction of the potential recovery." Based on an in-depth analysis of the payroll and time records produced by Defendants, the amounts paid realistically reflect a substantial portion of the alleged underpaid wages owed to each member of the Class. Weighing the benefits of the settlement against the available evidence and the risks associated with proceeding in the litigation, the settlement amount is reasonable.

The *Girsh* factors weigh in favor of issuing preliminary approval of the settlement. In the event that a substantial number of objectors come forward with meritorious objections, the Court can reevaluate its determination. Because the settlement, on its face, is "the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval," the Court should grant preliminary approval. *Mazon*, 2011 WL 6257149, at *1.

## V. THE NOTICE PLAN AND DISTRIBUTION PROCESS ARE APPROPRIATE

The Proposed Notice complies with due process and Fed. R. Civ. P. 23. Notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified *through* reasonable effort. The notice must clearly and concisely state in plain, easily understood language:
>
> (i)    the nature of the action;
> (ii)   the definition of the class certified;
> (iii)  the class claims, issues, or defenses;
> (iv)   that a class member may enter an appearance through an attorney if the member so desires;
> (v)    that the court will exclude from the class any member who requests exclusion;
> (vi)   the time and manner for requesting exclusion; and
> (vii)  the binding effect of a class judgment on members under Rule

11

23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

The Proposed Notice satisfies each of these requirements. The Notice also describes the terms of the settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing. Courts have approved class notices even when they provided only general information about a settlement. *See Larson v. Sprint Nextel Corp.*, No. 07-5325JLL, 2009 WL 1228443, at *14 (D.N.J. Apr. 30, 2009) (class notice "need only describe the terms of the settlement generally") (internal quotation marks and citation omitted). The detailed information in the Proposed Notices far exceeds this bare minimum and fully complies with the requirements of Rule 23(c)(2)(B).

The Settlement Agreement provides that the Notice will be mailed by the Settlement Claims Administrator to each Class Member within thirty (30) days of the entry of the Preliminary Approval Order by the court. *See* Settlement Agreement § 2.5 (B). The Settlement Claims Administrator will take reasonable steps to obtain the correct addresses of any Class Member whose notice is returned as undeliverable and will attempt re-mailing. *See id.* at § 2.5(C). As discussed above, the Notice contains information about how to exclude oneself or object to the settlement. Class Members will have until the Claim Form Deadline, or sixty (60) days from the date of mailing, to submit a claim form, opt-out request, or comment on or object to the settlement. *See id.* at § 2.5(E), 2.7(B), 2.8(A). Defendants will generate the settlement checks and send to the Class Counsel for distribution within sixty (60) days after the Final Effective Date. *See id.* at § 3.1(A)(1).

## **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their Motion for Preliminary Approval of Settlement and enter the proposed Implementing Order.

12

Dated: New York, New York
       September 12, 2016

                VIRGINIA & AMBINDER, LLP

                <u>/s/ Lloyd R. Ambinder, Esq.</u>
                Lloyd R. Ambinder
                Jack L. Newhouse
                40 Broad Street, 7th Floor
                New York, New York 10004
                Tel:    (212) 943-9080
                lambinder@vandallp.com

                *Attorneys for Plaintiffs, Opt-in Plaintiffs, and the Class*