UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN LUNA DOMINGUEZ and MARLON JOSE GRANADOS, individually and on behalf of all other persons similarly situated who were employed by GALAXY RECYCLING INC., JOSEPH SMENTKOWSKI, INC. d/b/a GALAXY CARTING and/or SMENTKOWSKI GARBAGE REMOVAL and/or any other entities affiliated with or controlled by GALAXY RECYCLING INC., JOSEPH SMENTKOWSKI, INC. d/b/a GALAXY CARTING and/or SMENTKOWSKI GARBAGE REMOVAL, <br><br>Plaintiffs, <br><br>-against- <br><br>GALAXY RECYCLING INC., JOSEPH SMENTKOWSKI, INC. d/b/a GALAXY CARTING and/or SMENTKOWSKI GARBAGE REMOVAL, and GARY GIORDANO, individually, <br><br>Defendants. | No.: 12-cv-7521 (MCA) (LDW) |

**DECLARATION OF JACK NEWHOUSE FOR PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT, APPROVAL OF PLAINTIFFS' PROPOSED NOTICE OF CLASS ACTION SETTLEMENT AND CLAIM FORM AND RELEASE**

JACK NEWHOUSE, an attorney admitted to practice law in the State of New Jersey and before the United States District Court for the District of New Jersey, hereby affirms under the penalties of perjury that:

1. I am an attorney with the firm of Virginia & Ambinder, LLP, attorneys for the Plaintiffs in this action. I submit this declaration in support of the parties' joint request that the Court preliminarily approve the settlement reached by the parties and issue an Order. A copy of the Settlement Agreement is attached hereto as Exhibit A.

2. The parties request that the Court approve the proposed Notice of Class Action Settlement and Release, Claim Form, and issue the proposed Implementing Order attached hereto as Exhibits "B", "C", and "D", respectively.

3. This action was brought to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b), New Jersey Statutes §§ 34:11-56a4 *et seq.* to recover alleged unpaid wages and overtime compensation allegedly owed to Plaintiffs Dominguez and Granados ("Named Plaintiffs") and all similarly-situated persons who are or were employed by Defendants Galaxy Recycling Inc., Joseph Smentkowski, Inc. d/b/a Galaxy Carting, Inc. and/or Smentkowski Garbage Removal, and Gary Giordano (collectively "Defendants").

4. The gravamen of Plaintiffs' claims is that the Named Plaintiffs and Class Members were not paid wages for all the hours that they worked and proper overtime compensation.

5. Defendants vigorously deny these allegations and maintain that the Named Plaintiffs and the Class Members they seek to represent have been paid for all time worked in accordance with federal and state law. Nevertheless, Defendants have agreed to the proposed settlement in order to avoid the uncertainties of litigation and costs associated with the continued prosecution of this matter.

6. On September 20, 2013, this Court granted conditional certification pursuant to 29 U.S.C. § 216(b). [Docket No. 23].

7. On December 10, 2015, this Court granted Plaintiffs' motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. [Docket No. 107].

8. For more than 6 months, the parties have been negotiating settlement in this case. Defendants' produced almost 14,000 pages of payroll and time records; Plaintiffs' Counsel conducted interviews with putative class and collective members, and counsel for the parties participated in multiple in-person and telephone settlement conferences before Judge Leda Dunn Wettre, the results of which have culminated in this proposed settlement.

9. In addition, Plaintiffs' Counsel conducted a thorough investigation and performed substantial legal research on the underlying merits of the class claims, the likelihood of obtaining liquidated damages and the proper measure of damages. Plaintiffs' Counsel also researched Defendants' likely affirmative defenses. After filing, Plaintiffs' Counsel conducted further investigations including, but not limited to, interviewing and obtaining declarations from Plaintiffs, Class Members and Collective Members, participating in discovery, depositions, class/collective certification motion practice, and summary judgment motion practice.

10. The parties have now reached a proposed settlement which Plaintiffs believe represents a significant recovery given the potential damages and the substantial risks if the case proceeds to trial.

11. In reaching the settlement agreement, the Plaintiffs took into consideration the Defendants financial viability. During settlement negotiations, Defendant Joseph Smentkowski, Inc. repeatedly indicated that it could not withstand a judgment larger than the negotiated settlement amount. To back up its position, Defendant Smentkwoski produced confidential financial records for attorneys' eyes only. Defendant Galaxy Recycling, Inc. has filed for bankruptcy, and Defendant Gary Giordano is an individual Defendant.

12. The specific terms and conditions of settlement are contained in the Settlement Agreement, annexed hereto as Exhibit A. As explained further in the memorandum of law in support, the terms and conditions of the proposed Settlement Agreement are fair and reasonable.

13. In addition to approving the Settlement Agreement, Plaintiffs respectfully request the Court remove Marlon Granados as a class representative in this action.

14. Marlon Granados was named by the Court as a Class Representative by the Court in its order granting class certification. Despite diligent efforts, Class Counsel has been unable to contact or locate Named Plaintiff Marlon Granados for many months. As such, Class Counsel

Named Plaintiff Granados is no longer fit to serve as a class representative and should be removed as class representative in order to effectuate settlement. The removal of Named Plaintiff Granados as a class representative does not impact the settlement of this action, as Juan Luna Dominguez has actively participated in settlement negotiations.

15. Upon the parties' application for final approval, Plaintiffs will request the court dismiss this action as against Defendant Galaxy Recycling, Inc. without prejudice. Galaxy Recycling, Inc. has filed for bankruptcy and will not be able to participate in settlement payments in this action. *See In re Galaxy Recycling, Inc.* Case No. 15-11859-RG (United States Bankruptcy Court for the District of New Jersey). The proposed Notice informs all Galaxy Recycling Class Members of the bankruptcy and Galaxy Recycling's inability to make any payments for unpaid wages under the terms and conditions of the Settlement Agreement.

16. Upon the parties' application for final approval, Plaintiffs will request the court dismiss this action as against Defendant Gary Giordano without prejudice, subject to the tolling and release provisions set forth in the Settlement Agreement in Section 3.6(E).

WHEREFORE, for the reasons set forth above, the parties respectfully request that this Court enter the Implementing Order attached to the Settlement Agreement: (i) conditionally approving the terms of the proposed settlement for the purpose of effectuating the settlement procedure, including mailing of the proposed Notices of Proposed Class Action Settlement and Claim Form and Release; and (ii) removing Named Plaintiff Marlon Granados as a Class Representative.

Dated: New York, New York
       September 12, 2016

VIRGINIA & AMBINDER, LLP

_____/s/_____
Jack Newhouse, Esq.
40 Broad Street  -- 7th Floor
New York, New York 10004

Tel : (212) 943-9080  
Fax: (212 ) 943-9082  
jnewhouse@vandallp.com