UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN LUNA DOMINGUEZ and MARLON JOSE GRANADOS, individually and on behalf of all other persons similarly situated who were employed by GALAXY RECYCLING INC., JOSEPH SMENTKOWSKI, INC. d/b/a GALAXY CARTING and/or SMENTKOWSKI GARBAGE REMOVAL and/or any other entities affiliated with or controlled by GALAXY RECYCLING INC., JOSEPH SMENTKOWSKI, INC. d/b/a GALAXY CARTING and/or SMENTKOWSKI GARBAGE REMOVAL, <br><br> Plaintiffs, <br><br> -against- <br><br> GALAXY RECYCLING INC., JOSEPH SMENTKOWSKI, INC. d/b/a GALAXY CARTING and/or SMENTKOWSKI GARBAGE REMOVAL, and GARY GIORDANO, individually, <br><br> Defendants. | **Docket No.: 12-cv-7521 (MCA) (LDW)** |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into by and between Plaintiffs Juan Luna Dominguez ("Named Plaintiff"), individually and on behalf of all other persons similarly situated who comprise the "Class" (as hereinafter defined) and Defendants GALAXY RECYCLING INC., JOSEPH SMENTKOWSKI, INC. d/b/a GALAXY CARTING and/or SMENTKOWSKI GARBAGE REMOVAL, and GARY GIORDANO, (collectively "Galaxy Recycling" or "Defendants")(together with Named Plaintiff and the Class, each a "Party" and together the "Parties").

### RECITALS AND BACKGROUND

A. Named Plaintiff filed a Class Action Complaint on December 7, 2012 in the United States District Court for the District of New Jersey (the "Action").

B. Defendants, while continuing to deny any wrongdoing or liability, nevertheless have agreed to enter into this Agreement to avoid further expense, inconvenience and the distraction of burdensome and protracted litigation, and to be completely free of any further controversy with respect to the claims that were asserted or could have been asserted in, or relate in any way whatsoever to the Action.

1

C.     Plaintiffs' Counsel analyzed and evaluated the merits of the claims made against Defendants and the impact of this Agreement on Named Plaintiff and Class Members and based upon their analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Action, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur as expeditiously, Plaintiffs' Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Named Plaintiff and Class Members.

D.     Named Plaintiff and Defendants, by and through their respective counsel, have engaged in extensive in-person settlement discussions in connection with the potential resolution of the Action. Named Plaintiff, the Settlement Class (as hereinafter defined) and Defendants – subject to the approval of the Court – have elected to settle the Action pursuant to the terms set forth in this Agreement, which shall be submitted to the Court for approval through the mechanisms set forth below.

**NOW THEREFORE,** in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete settlement of the Action on the following terms and conditions:

**1.    Definitions**

The defined terms set forth in this Agreement have the meanings ascribed to them below.

1.1    **Agreement.**  "Agreement" means this Settlement Agreement and Release.

1.2    **Authorized Claimant.** "Authorized Claimant" means Named Plaintiff, a Settlement Class Member or the authorized legal representative of such Class Member, who timely files a Claim Form (and does not file an Opt Out Statement) in accordance with the terms of this Agreement, and who is therefore entitled to receive a Settlement Check. Named Plaintiff and FLSA Collective Members are deemed Authorized Claimants upon execution of this Agreement and shall not be required to return a Claim Form in order to receive their Individual Settlement Amount.

1.3    **Bar Date.**  "Bar Date" means the date by which any Class Member who wishes to qualify as an Authorized Claimant must file a Claim Form. Subject to the Court's approval and the provisions of Section 2.5, the Bar Date shall be (1) no later than sixty (60) days after the initial mailing of Notice by the Settlement Claims Administrator, or (2) if Class Members did not receive the Notice or were unable to file the Claim Form within sixty (60) days due to change of address, military service, hospitalization or other extraordinary circumstances, an additional fifteen (15) days will be given to such Class Members to file a Claim Form.

1.4    **Claim Form.**  "Claim Form" means the Claim Form, a copy of which is attached to the Notice of Proposed Settlement that Class Members must sign and return postmarked by the Bar Date.

**1.5**     **Class.** The "Class" or "Class Members" means all drivers, driver's helpers, waste collectors and loaders that were employed by Defendants from December 7, 2010 to December 31, 2015.

**1.6**     **Class Counsel**. "Class Counsel" or "Plaintiffs' Counsel" means Lloyd Ambinder, Esq. and Jack Newhouse, Esq., Virginia & Ambinder, LLP, 40 Broad Street, New York, New York 10004.

**1.7**     **Class List.** "Class List" means a list in electronic format, preferably in Excel, that includes the names and last known addresses for each Class Member. Class Counsel agrees not to use this information for any purpose other than to effectuate the terms of the settlement.

**1.8**     **Costs and Fees.** "Costs and Fees" means Plaintiffs' Counsels' attorneys' fees, costs, and expenses; Settlement Claims Administrator's fees and costs; and Service Awards.

**1.9**     **Court**. "Court" means the United States District Court for the District of New Jersey.

**1.10**     **Days.** "Days" means business days if the specified number is less than ten (10), and calendar days if the specified number is ten (10) or greater.

**1.11**     **Defendants**. "Defendants" means GALAXY RECYCLING INC. ("Galaxy"), JOSEPH SMENTKOWSKI, INC. d/b/a GALAXY CARTING and/or SMENTKOWSKI GARBAGE REMOVAL ("Smentkowski"), and GARY GIORDANO.

**1.12**     **Defendants' Counsel**. "Defendants' Counsel" means James Passantino, Esq., Biancamano & Di Stefano, P.C., 10 Parsonage Road, Suite 300, Edison, NJ 08837.

**1.13**     **Employer Payroll Taxes**. "Employer Payroll Taxes" means all taxes and withholdings an employer is required to make arising out of or based upon the payment of employment compensation in this Action, including FICA, FUTA, and SUTA obligations.

**1.14**     **Fairness Hearing.** "Fairness Hearing" means the hearing before the Court relating to the Application for Final Approval of this proposed Agreement.

**1.15**     **Final Order.** "Final Order" means the Order entered by the Court after the Fairness Hearing, approving the terms and conditions of this Agreement, authorizing distribution of the Settlement Checks and Service Award, approving distribution of Costs and Fees, and dismissing the Action as against Smentkwoski with prejudice and against Galaxy Recycling, and Gary Giordano without prejudice, to be converted to "with prejudice" upon settlement being satisfied.

**1.16**     **Final Effective Date.** Provided no appeal is timely filed, the "Final Effective Date" means thirty-one (31) days after the Court has entered a Final Order, provided no extension of time has been granted. If such an appeal is timely filed, the latest of the following, if applicable, becomes the Final Effective Date: (1) any appeal from the Final Order has been finally dismissed; (2) the Final Order has been affirmed on appeal in a form substantially

identical to the form of the Final Order entered by the Court; (3) the time to petition for review with respect to any appellate decision affirming the Final Order has expired and no such petition for review has been filed; and (4) if a petition for review of an appellate decision affirming the Final Order is filed, the petition has been denied or dismissed, or, if granted, has resulted in affirmance of the Final Order in a form substantially identical to the form of the Final Order entered by the Court.

1.17   **FLSA Collective Member.** "FLSA Collective Member" means all individuals possessing a claim under the Fair Labor Standards Act having filed a consent to join form with the Court.

1.18   **Final Settlement Amount.** "Final Settlement Amount" means the sum of the Net Settlement Fund plus all Court-approved Costs and Fees, and Employer Payroll Taxes.

1.19   **Individual Gross Amount.** "Individual Gross Amount" means the amount allocated to each individual Authorized Claimant prior to any withholdings for Employer Payroll Taxes.

1.20   **Individual Net Amount.** "Individual Net Amount" means the amount allocated to the individual Authorized Claimants after deductions for Employer Payroll Taxes.

1.21   **NJLL Settlement Class.** "NJLL Settlement Class" or "NJLL Settlement Class Members" means all drivers, driver's helpers, waste collectors and loaders that were employed by Defendant JOSEPH SMENTKOWSKI, INC. d/b/a GALAXY CARTING from December 7, 2010 to December 31, 2015 and whose settlement is limited to claims under New Jersey Statutes §§ 34:11-56a4 *et seq*.

1.22   **Named Plaintiff.** "Named Plaintiff" refers JUAN LUNA DOMINGUEZ.

1.23   **Net Settlement Fund.** "Net Settlement Fund" means the aggregate balance to be distributed to all Authorized Claimants after the deduction of Employer Payroll Taxes and Court-approved Costs and Fees.

1.24   **Intentionally left blank.**

1.25   **Notice or Notices.** "Notice" or "Notices" means the Court-approved Notice of Proposed Settlement of Class Action Lawsuit as authorized in the Preliminary Approval Order.

1.26   **Objector.** "Objector" means an individual Class Member who properly files an objection to this Agreement.

1.27   **Opt-out Statement.** "Opt-out Statement" means a written, signed statement that an individual Class Member has elected to exclude himself or herself ("opt out") from the settlement and from the Class.

1.28   **Preliminary Approval Order.** "Preliminary Approval Order" means the Order entered by the Court: (i) preliminarily approving the terms and conditions of this Agreement; (ii)

directing the manner and timing of providing Notice to the Class Members; and (iii) setting the dates and deadlines for effectuating settlement, including the Bar Date, date of the mailing of Notice, and the Fairness Hearing date.

1.29 **Qualified Settlement Fund.** "Qualified Settlement Fund" or "QSF" means the non-interest bearing bank account controlled by Defendants, or an authorized agent for the purpose of distributing the Final Settlement Amount in accordance with this Agreement. The QSF will be controlled by Defendants subject to the terms of this Agreement, the Preliminary Approval Order and the Final Order.

1.30 **Released Class Claims.** "Released Class Claims" or "Releasing Class" shall become effective upon payment of the Final Settlement Amount, and means any and all claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters and issues arising in any way through December 31, 2015, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, including unknown claims, that could have been, or might be asserted in any court, tribunal or proceeding, against Defendants and that arise out of, relate to, or concern the allegations in the Action, including statutory, constitutional, contractual or common law claims for unpaid regular or overtime wages, unpaid gratuities, service charges, tips, any related wage and hour claims, interest on such claims, penalties, damages, liquidated damages, attorneys' fees, expenses, disbursements, litigation costs and fees, restitution, or equitable relief. Released Class Claims do not include any and all claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters and issues arising in any way during the Settlement Period, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, including unknown claims, that could have been, or might be asserted in any court, tribunal or proceeding, against Defendants and that arise out of allegations not contained in the Action including personal injury, unemployment compensation and worker's compensation.

1.31 **Released Entities.** "Released Entities" means Defendant Joseph Smentkowski, Inc., d/b/a Galaxy Carting and/or Smentkowski Garbage Removal ("Smentkowski").

1.32 **Intentionally Omitted**

1.33 **Relevant Period.** "Relevant Period" means December 7, 2010 to December 31, 2015.

1.34 **Service Award.** "Service Award" means that portion of the Final Settlement Amount requested by the Named Plaintiff and approved by the Court as an award to the Named Plaintiff for representing the interests of the Class Members.

1.35 **Settlement Class.** "Settlement Class" or "Settlement Class Member" means all NJLL Settlement Class Members and FLSA Collective Members.

5

**1.36** **Settlement Claims Administrator.** "Settlement Claims Administrator" means the qualified administrator referred to in Section 2.1.

**1.37** **Settlement Checks.** "Settlement Checks" means checks issued to Authorized Claimants for their Individual Net Amount.

**1.38** **Settlement Period.** "Settlement Period" means the Relevant Period through and including the Final Effective Date.

**2.** **Preliminary approval and procedure**

**2.1** **Settlement Claims Administrator.**

    A. **Retention.** Within fifteen (15) days after the filing of a Preliminary Approval Motion (as defined below), Class Counsel shall engage a Settlement Claims Administrator that is satisfactory to Defendants.

    B. **Funding Settlement Claims Administrator.** The Settlement Claims Administrator's costs and expenses shall be paid from the Final Settlement Amount as approved by the Court.

    C. **Responsibilities of Settlement Claims Administrator.** The Settlement Claims Administrator shall be responsible for: (i) preparing, printing and disseminating to Class Members the Notice and Claim Forms; (ii) performing a skip trace and resending, within three (3) days of receipt, any Notice and Claim Form returned without a forwarding address, or resending to those with a new forwarding address; (iii) responding to inquiries from respective parties regarding requests or communications made by the Parties; (iv) monitoring and maintaining a telephone number with telephone answerers until the Final Effective Date or the termination of this Agreement, whichever comes first; (v) promptly furnishing to counsel for the Parties copies of any requests for exclusion, objections or other written or electronic communications from Class Members that the Settlement Claims Administrator receives; (vi) receiving, retaining and reviewing the Claim Forms submitted by Class Members; (vii) keeping track of requests for exclusion or objection, including maintaining the original envelope in which the request or objection was mailed; (vii) responding to inquiries of Class Members regarding procedures for filing objections, Opt-out Statements, and Claim Forms; (viii) referring to Class Counsel all inquiries by Class Members or Authorized Claimants regarding matters not within the Settlement Claim Administrator's duties specified herein; (ix) responding to inquiries of counsel for the Parties relating to the Settlement Claims Administrator's duties specified herein; (x) promptly apprising counsel for the Parties of the activities of the Settlement Claims Administrator; (xi) maintaining adequate records of its activities, including the dates of the mailing of Notices and mailing and receipt of Claim Forms, returned mail and any and all other actual or attempted written or electronic communications with Class Members; (xii) confirming in writing to counsel for the Parties and the Court its completion of the

administration of the claims process; (xiii) timely responding to communications from the Parties and their counsel; and (xiv) such other tasks as the Parties mutually agree.

    D.    **Access to the Settlement Claims Administrator.** The Parties will have equal access to the Settlement Claims Administrator. Class Counsel and Defendants agree to use their best efforts to cooperate with the Settlement Claims Administrator and provide reasonable assistance in administering the settlement.

**2.2**    **Intentionally Omitted**

**2.3**    **Intentionally Omitted**

**2.4**    **Preliminary Approval Motion.**

    A.    Upon complete execution of this Agreement, Class Counsel shall file an Unopposed Motion for Preliminary Settlement Approval ("Preliminary Approval Motion"). In connection with the Preliminary Approval Motion, Class Counsel will submit to the Court: (1) the proposed Notice, (2) the proposed Claim Form, (3) the proposed Preliminary Approval Order, and (4) an executed version of this Agreement.

    B.    In the Preliminary Approval Motion, Class Counsel shall inform the Court of the intended process to obtain a "Final Order" in accordance with the Court-approved schedule, so that at the Fairness Hearing, the Court may, among other things: (1) approve the settlement as fair, adequate and reasonable; (2) incorporate the terms of the releases, as set forth in Section 3.6 hereof; (3) dismiss the Action, as set forth in Section 1.15; (4) award Costs and Fees, including any Service Awards; and (5) authorize distribution and payment to the Authorized Claimants.

    C.    Plaintiffs will file the Preliminary Approval Motion as "unopposed." Defendants may oppose such application, however, if it is inconsistent with the terms and conditions of this Agreement.

**2.5**    **Initial Notice and Claim Forms to Class Members.**

    A.    **Class List to Counsel.** Within fifteen (15) days of the Preliminary Approval Order being signed by the Court, Defendants' Counsel shall provide the Settlement Claims Administrator and Class Counsel with the Class List.

    B.    **Notice.** The Notice will inform Class Members about this settlement including information regarding the opportunity to object to, opt-out of, dispute, or participate in the settlement, and to appear at the Fairness Hearing. Within thirty (30) days of the signing of the Preliminary Approval Order, or as otherwise ordered by the Court, the Settlement Claims Administrator shall mail to all Class Members, via First Class United States Mail, the Court-approved Notices, W-4 Forms and Claim Forms.

    C.    **Skip Trace and Re-mailing.** If a Claim Form is returned as undeliverable, the Settlement Claims Administrator shall take all reasonable steps to obtain a current address, including one skip trace, and shall re-mail the Claim Form to such address. The Settlement Claims Administrator shall also mail a Notice and Claim Form to any Class Member who requests them after the initial mailing of Notice and before the Bar Date. The Settlement Claims Administrator will notify Class Counsel and Defendants' Counsel of any Notices and Claim Forms returned as undeliverable after the first mailing, including those returned as undeliverable after any subsequent mailing. All costs of locating Class Members will be paid from the QSF.

    D.    **Claim Forms.** To be deemed an Authorized Claimant, a Class Member must submit a completed Claim Form, government issued form of photographic identification as well as a completed W-4 Form with a valid Social Security number or Tax Identification Number. The Authorized Claimant will not be barred from participating in the settlement so long as he or she ultimately produces a valid Social Security number or Tax Identification Number within one year of the Final Effective Date. If the Authorized Claimant fails to produce a valid Social Security number or Tax Identification Number within one year of the Final Effective Date his or her claim shall terminate and the funds shall revert back to Defendants.

    E.    **Bar Date.** To be deemed an Authorized Claimant, a Class Member must postmark, email or fax a signed Claim Form and additional information submitted as required pursuant to Section 2.5(D) to the Settlement Claims Administrator by the Bar Date. The Bar Date shall be (i) sixty (60) days from the date of the initial mailing or as otherwise set by the Court, and (ii) an additional fifteen (15) days later for any Class Members who can evidence that s/he did not receive the Notice, or could not to file a timely Claim Form due to extraordinary factors such as change of address, military service or hospitalization. If an envelope does not contain a postmark, it shall be deemed received on the date that the Class Administrator stamps the envelope or Claim Form as "received." Submitting a Claim Form to Class Counsel shall not preclude a Class Member from being deemed an Authorized Claimant, so long as such Claim Form is timely postmarked, emailed, or faxed.

    F.    **Automatically Deemed Authorized Claimants.** Upon execution of this Agreement, the Named Plaintiffs and FLSA Collective Members will be deemed Authorized Claimants, FLSA Collective Members may nevertheless opt-out of this Agreement as contemplated herein.

**2.6**    **Individual Gross Settlement Amount and Notice to Authorized Claimants**

    A.    Each Authorized Claimant's Individual Gross Settlement Amount shall be determined based on an Authorized Claimant's gross earnings during the Relevant Period as herein described in Section 2.6(B).

    B.    An Authorized Claimant's gross earnings shall be determined as follows:

      i. For calendar years 2010, 2011, and 2012, an Authorized Claimant's gross earnings shall be the sum of all gross earnings reflected in payroll records produced by Defendants during discovery.

      ii. For calendar years 2013, 2014, and 2015, an Authorized Claimant's gross earnings shall be the sum of all gross earnings reflected in reported W-2 and/or 1099 gross earnings produced by Defendants for purposes of settlement.

C. Within thirty (30) days after the Bar Date, Plaintiffs shall provide Defendants with an excel spreadsheet reflecting each Authorized Claimant's (1) gross earnings during the relevant period and (2) Individual Gross Settlement Amount.

D. Class Members may contact Class Counsel to request an accounting of his or her respective gross earnings and Individual Gross Settlement Amount. Such request must be made in writing and delivered to Class Counsel via e-mail, fax, or regular mail.

E. Authorized Claimants shall have forty-five (45) days from the Bar Date to dispute his or her Individual Gross Amount. Any dispute must be made in writing and delivered to Class Counsel via e-mail, fax, or regular mail. If the Authorized Claimant fails to opt-out or dispute his or her Individual Gross Amount, the offer shall be deemed accepted, and will be paid to the Authorized Claimant in accordance with the terms of this Agreement.

F. Disputed Claims: To the extent not already produced, Defendants agree to produce, for purposes of verification, payroll and time records that reflect the time an Authorized Claimant worked and the amount an Authorized Claimant was paid. The disputing Authorized Claimant will bear the burden of establishing that the documentary evidence produced by Defendants is incorrect. The Parties agree to meet and confer in good faith over any and all disputed claims. To the extent that any Disputed Claim cannot be resolved, the Authorized Claimant shall be required to opt-out of the settlement agreement.

**2.7 Opt-out: Class Members who Opt-out.**

A. Class Members who elect to opt-out of the settlement as set forth in this Agreement must email, fax or mail, via First Class United States Mail, postage prepaid, a written, signed statement to the Settlement Claims Administrator that states he or she is opting out of the settlement ("Opt-out Statement"). In order to be valid, the Opt-out Statement must include the name, address, and telephone number of the Class Member, and an express statement indicating his or her intention to opt-out, such as: "I opt out of the Galaxy wage and hour settlement." To be effective, an

9

       Opt-out Statement must be postmarked by United States Postal Service, faxed or emailed on or before the Bar Date.

B.     The latest date to opt-out of the settlement ("Opt-out Period") shall be on or before the Bar Date, except as otherwise provided by Section 2.6.

C.     The Settlement Claims Administrator shall stamp the received date on the original of each Opt-out Statement and send copies of each Opt-out Statement to Class Counsel and Defendants' Counsel not later than 10 days after receipt. The Settlement Claims Administrator will, within twenty-four (24) hours of the end of the Opt-out Period, send a final list of all Opt-out Statements to Class Counsel and Defendants' Counsel by both email and overnight delivery. The Settlement Claims Administrator shall retain the stamped originals of all Opt-out Statements and originals of all envelopes accompanying Opt-out Statements in its files until such time as the Settlement Claims Administrator is relieved of its duties and responsibilities under this Agreement.

D.     Any Class Member who does not timely submit an Opt-out Statement pursuant to this Agreement will be deemed to have accepted the terms of this Agreement, will be bound by the Final Order, and will have all Released Class Claims released and dismissed with prejudice. Other than the Named Plaintiffs, only those Class Members who timely complete and return a Claim Form postmarked or received by the Settlement Claims Administrator by the Bar Date, and otherwise comply with the terms of this Agreement, will be deemed Authorized Claimants. Defendants shall have no obligation to pay or fund any amounts allocated to Class Members who do not submit a timely Claim Form as set forth in this Agreement unless otherwise ordered by the Court or agreed upon by the Parties.

**2.8    Objectors: Authorized Claimants Who Object to Settlement.**

A.     Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing and validly file a Claim Form and satisfy applicable requirements of Section 2.5 by the Bar Date. The Claim Form must be signed and be accompanied by a government issued form of photographic identification. To be considered, such statement must be mailed to the Settlement Claims Administrator via First Class Mail, postage pre-paid, and postmarked by the United States Postal Service on or before the Bar Date. The statement must include all reasons for the objection, and any supporting documentation. The statement must also include the name, address, and telephone numbers of the Class Member making the objection. The Settlement Claims Administrator will stamp the date received on the original and send copies of each objection, supporting documents, as well as a copy of the Notice and Claim Form mailed to the Objector, to Class Counsel and Defendants' Counsel by email delivery no later than three (3) days after receipt of the objection. The Settlement Claims Administrator shall also file the date-stamped originals of any and all objections with the Court.

10

    B.    Objector has the right to appear at the Fairness Hearing either in person or through counsel hired and paid for by the Objector. An Objector who wishes to appear at the Fairness Hearing must state his or her intention to do so in writing on his or her written objections. An Objector may withdraw his or her objections at any time. Any Class Member who has elected to opt-out may not submit objections to the settlement.

**2.9 List & Calculations to Counsel.**

    A.    No later than fifteen (15) days prior to the Fairness Hearing, the Settlement Claims Administrator shall provide to Class Counsel and Defendants' Counsel: (a) a list of all Authorized Claimants, (b) a list of all Objectors, and (c) a list of all Class Members who timely submitted an Opt-out Statement. Throughout the period of claims administration, the Settlement Claims Administrator shall provide reports to the Parties upon their request regarding (i) the status of the mailing of the Notices and Claim Forms to Class Members, (ii) the status or progress of the claims administration process, (iii) any other aspect of the claims administration process. Beginning the second Friday after Notice is mailed to Class Members, the Settlement Claims Administrator shall provide counsel for the Parties a weekly update on the number of Authorized Claimants, Objectors, and opt-outs.

    B.    Within twenty (20) days prior to the Fairness Hearing, Class Counsel or the Settlement Claims Administrator shall provide notice to Defendants' Counsel of the Final Settlement Amount, together with an Excel spreadsheet that designates each Authorized Claimant, his/her allocated Individual Gross Amount, and the appropriate totals and calculations to confirm the Final Settlement Amount.

**2.10 Fairness Hearing and Application for Final Approval and Dismissal.**

    A.    After the Bar Date, in accordance with the schedule set by the Court in the Preliminary Approval Order and in advance of the Fairness Hearing, Class Counsel shall file supporting documents for final approval of the settlement ("Application for Final Approval"). The Application for Final Approval may contain a report from the Settlement Claims Administrator, an application for attorneys' fees, and supporting affirmations and documents from Class Counsel regarding the fairness, adequacy and reasonableness of the settlement or any aspect related to this Agreement. The Application for Final Approval may also include a proposed Final Order.

    B.    At the Fairness Hearing and through the Application for Final Approval, the Parties shall request that the Court, among other things: (1) approve the settlement and Agreement as fair, reasonable, adequate, and binding on all Class Members who have not timely opted out of the settlement and enjoin all Class Members who do not opt out from pursuing and/or seeking to reopen claims that have been released by this Agreement; (2) order distribution of the Settlement Checks to the Authorized Claimants and any Service Awards to the Named Plaintiff as described

in this Agreement; (3) order the costs and professional fees to be paid; (4) dismiss this Action with prejudice against Smentkowski, without prejudice against Gary Giordano and Galaxy Recycling, and release the Released Class Claims; (5) enter a Final Order in accordance with this Agreement; and (6) retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

**2.11    Termination of Agreement.**

**A.    Grounds for Settlement Termination.**

Defendants shall have the absolute discretionary right to terminate this Agreement at any time prior to Application for Final Approval in the event that the aggregate value of all Authorized Class Claims, Service Awards, Administrator Fees and Costs exceed the sum of $450,000.00.

This Agreement shall be deemed terminated in the event that the Court fails to approve the Final Order.

**B.    Procedures for Termination.**

1.    Upon receiving notice that the Authorized Class Claims, Service Awards, Administrator Fees exceed $450,000.00, the Parties as soon as practical will meet and confer and attempt to resolve the amounts allocated in good faith. The Parties will also, as soon as practicable, request a mediation session with Magistrate Judge Leda Wettre, who will help resolve the amounts allocated.

2.    To terminate this Agreement, Defendants or their counsel shall give written notice ("Notice of Termination"), sent via facsimile ((212) 943-9082) and email (lambinder@vandallp.com) to Class Counsel no later than five (5) days after the mediation session with Magistrate Judge Leda Wettre concludes or is denied.

**C.    Effect of Termination.** Termination shall have the following effects:

1.    In the event this Agreement is terminated, the Parties will continue with the litigation as of the date of this Agreement with all rights and defenses intact as if no agreement had occurred.

2.    Defendants shall have no obligation to make any payments to any party, Class Member, Authorized Claimant, Class Counsel or otherwise, other than as otherwise would be required had this Agreement not been executed. Upon termination of the Agreement, the Parties shall share (on a 50/50 basis between the Named Plaintiff and Defendants) the costs incurred by Settlement Claims Administrator for all services rendered in connection with this Agreement, including the notice of termination to the Class.

12

3. In the event of termination, the Parties shall apply to the Court to have a single approved notice mailed to Class Members advising them of the termination. If approved by the Court, then the Settlement Claims Administrator shall provide a Court-approved notice to Class Members and any Authorized Claimants that the Agreement did not receive Final Approval and that, as a result, no payments will be made to Class Members or Authorized Claimants under the Agreement. Such notice shall be mailed by the Settlement Claims Administrator via First Class United States Mail.

4. If settlement is terminated, Defendants retain the right to (1) contest the merits of the claims being asserted in the Action, and (2) oppose contentions by Plaintiffs and raise all other rights and/or defenses.

5. If this settlement is not consummated for any reason, including (1) a termination under this Agreement, (2) a ruling by the Court declining to enter a Preliminary Approval Order or Final Order substantially in the form submitted by the Parties (including a reversal and/or modification on appeal of the Court's Preliminary Approval Order or Final Order), or (3) for any other reason not presently contemplated, then the Parties shall first endeavor to resolve the matter jointly and in good faith, including jointly or individually seeking reconsideration of the Court's ruling if necessary or involving a mediator or other neutral, if practical. To the extent such efforts fail, the Parties may continue to litigate the Action as if no Agreement had occurred.

6. By operation of entry of the Final Order, all Released Class Claims of the Releasing Class shall be deemed forever and fully released, discharged, and merged into this Agreement.

**2.12    Consent to a Magistrate Judge**

The Parties consent to Magistrate Judge Leda D. Wettre presiding over the class/collective settlement approval process thorough final settlement approval. The parties shall execute and file with the Court all documents necessary to effectuate this provision.

**3.0    SETTLEMENT TERMS AND DUE DILIGENCE REVIEW**

**3.1    Amount.**

    A.    **Distribution of Settlement Sums.**

1. Smentkowski shall make all payments to Authorized Claimants within <u>sixty (60)</u> days of the Final Effective Date, as defined in Section 1.16. Smentkowski shall make all payments to Class Counsel for legal fees and costs within 120 days of the Final Effective Date.

2. Upon Defendants' receipt of the Authorized Claimants' executed release forms in satisfactory condition, Defendants shall draft the appropriate checks and have them delivered to Class Counsel who shall make arrangements to have the checks mailed by the Class Administrator or delivered personally to an Authorized Claimant.

3. The Gross Settlement Amount payable to the Authorized Claimants who are FLSA Collective Members as defined in Section 1.17 shall be allocated as 50% taxable earned wages subject to all customary withholdings, and 50% non-taxable liquated damages as set forth under the FLSA. Smentkowski shall issue a W-2 Statement reflecting the wage payments, and a 1099 Statement reflecting non-taxable liquated damages to each Authorized Claimant who is an FLSA Collective Member. The Gross Settlement Amount payable to the Authorized Claimants who are NJLL Settlement Class Members as defined in Section 1.21 shall be allocated as 100% taxable earned wages subject to all customary withholdings. Smentkowski shall issue a W-2 Statement reflecting the wage payments. The Named Plaintiff's 1099 Statements shall also reflect paid Service Awards.

4. After payments are made, Authorized Claimants shall have ninety (90) days to cash their checks. An additional thirty-day grace period shall be granted upon good cause shown, as such as military service, hospitalization or other extraordinary circumstances.

5. To receive checks, Authorized Claimants must sign a release of claims form and provide a social security number or tax identification number in order to receive a settlement check. An Authorized Claimant has one year from the Final Effective Date to obtain a social security or tax identification number. If the Authorized Claimant fails to obtain a social security or tax identification in accordance with these terms, his or her settlement funds shall revert to Defendants.

**3.2   Amounts Payable as Attorneys' Fees, Expenses and Costs.**

A. At the Fairness Hearing and in connection with the Application for Final Approval, Class Counsel will petition the Court for an award of no more than Four-Hundred Fifty Thousand Dollars ($450,000) which shall include attorneys' fees, costs and expenses. Defendants shall not oppose Class Counsel's application, including any appeal or request for reconsideration if the application is denied or modified by the Court, unless any part of the application deviates from the terms specified herein.

B. The substance of Class Counsel's application for attorneys' fees, expenses and costs is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Action. The outcome of any proceeding related to Class Counsel's application for attorneys' fees, expenses and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Application for Final Approval.

**3.3   Service Award and Settlement Payment to Named Plaintiff.**

    A.    In return for services rendered to Class Members, Authorized Claimants, and the Settlement Class, at the Fairness Hearing, Named Plaintiff may apply to the Court to receive a Service Awards of no more than Ten Thousand Dollars ($10,000.00) from the QSF.

    B.    The application for a Service Award is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Action.  The outcome of the Court's ruling on the application for a Service Award will not terminate this Agreement or otherwise affect the Court's ruling on the Application for Final Approval.

**3.4   Net Settlement Fund and Allocation to Class Members.**

    A.    Settlement Formula and Damages

        1.    The maximum amount that Defendants shall be responsible for contributing for the payment of all claims, inclusive of professional fees, costs, settlement claims administrator costs, and service awards to the Named Plaintiff shall not exceed the cumulative amount of $1,200,000.00 as further set forth in this Agreement, and subject to Defendants' termination rights.

        2.    Authorized Claimants shall receive 4.5% of their W-2 or 1099 reported gross earnings during the Relevant Period as defined in Section 2.6(B).

        3.    In addition to the payments set forth in paragraph 3.4(A)(2) above, FLSA Collective Members shall receive liquidated damages in an amount equal to 100% of the wages they are entitled to pursuant to paragraph 3.4(A)(2) above.

**3.5   Settlement Check Distribution.**

    A.    Smentkowski shall be responsible for generating checks or wire transfers to pay Service Awards, Authorized Claimants, and Fees and Costs, inclusive of the Class Administrator's fees.  The checks shall be delivered to Class Counsel who shall make arrangements to have the checks mailed by the Class Administrator or picked-up at Class Counsel's office.

**3.6   Release of Claims and Covenant Not to Sue.**

A. By operation of the entry of the Final Order, and except as to such rights or claims as may be created by this Agreement, each individual Class Member who does not timely opt-out pursuant to this Agreement, each individual Authorized Claimant, and the Named Plaintiff, on behalf of himself, his heirs, executors, administrators, successors, assigns, issue, relations by blood or adoption, employees, representatives, subsidiaries, affiliates, and agents ("Releasing Class") forever and fully releases and discharges the Released Entities from all Released Class Claims, however nothing herein shall be deemed to release worker compensation, personal injury or other potential known or unknown claims of Class Members not specifically alleged in this Action.

B. By operation of the entry of the Final Order, and except as to such rights or claims as may be created by this Agreement, each individual Authorized Claimant forever and fully releases and discharges the Released Entities from all Released Class Claims.

C. By operation of the entry of the Final Order, and except as to such rights or claims as may be created by this Agreement, Named Plaintiff forever and fully releases and discharges the Released Entities from all Released Class Claims.

D. Except as provided in this Agreement, upon payment of all Costs and Fees as approved by the Court, Class Counsel, on behalf of the Releasing Class irrevocably and unconditionally release, acquit, and forever discharge any claim that he, she or they may have against the Released Entities for attorneys' fees, expenses, disbursements and all other Costs and Fees associated with Class Counsel's representation of the Class. Class Counsel further understands and agrees that any fee payments approved by the Court will be the full, final and complete payment of all attorneys' fees, expenses, disbursements and all other Costs and Fees associated with Class Counsel's representation in the Action.

E. All claims alleged in this Action against Defendants Gary Giordano and Galaxy Recycling shall be dismissed without prejudice, subject to the following conditions:

1. All claims alleged in this Action against Defendant Gary Giordano shall be tolled as of December 7, 2012 pending full payment of the Final Settlement Amount. The statute of limitations on such claims shall remain tolled against Defendant Gary Giordano for one year from the date full payment is due. All rights and defenses available to Gary Giordano as of the date this Agreement is executed shall not be deemed waived.

2. Upon the full payment of the Final Settlement Amount, Named Plaintiff and Class Members shall discharge Gary Giordano from all Released Class Claims with prejudice.

3. Defendants Gary Giordano and Galaxy Recycling will not oppose any application for class or collective certification should a new action be commenced

   by Named Plaintiff or any Class Member where: (1) the new action is based on the same cause(s) of action alleged in this Action and (2) the new action is commenced within the time-period set forth in 3.6(E)(1) above.

   4. Nothing herein releases Gary Giordano or Galaxy Recycling from the allegation of vicarious liability arising from Smentkowski's failure fulfill its obligations under this Agreement.

**3.7** **Non-Admission of Liability.**

  A. By entering this Agreement, Defendants in no way admit to any violation of law or any liability (including with respect to any trade classifications) whatsoever to the Named Plaintiff and/or the Class Members, individually or collectively, all such liability being expressly denied. Rather, Defendants enter into this Agreement to avoid further protracted litigation and to fully and finally resolve and settle all disputes with the Named Plaintiff and Class Members. Settlement of the Action, negotiation and execution of this Agreement, and all acts performed and documents executed pursuant to or in furtherance of this Agreement or the settlement: (1) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendants or of the truth of any of the factual allegations in any and all complaints or other papers filed by Plaintiffs in the Action; and (2) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendants in any civil, criminal, administrative, or arbitral proceeding. The Parties understand and agree that this Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of the Agreement.

**4.0** **MISCELLANEOUS PROVISIONS**

**4.1** Cooperation between the Parties; Further Acts.  The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms.  Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

**4.2** No Assignment.  Class Counsel and Named Plaintiff, on behalf of the individual Class Members, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Action, or any related action.

**4.3** Entire Agreement.  This Agreement constitutes the entire agreement among the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings among the Parties shall be deemed merged into this Agreement.

**4.4** Binding Effect. This Agreement shall be binding upon the Parties and, with respect to Named Plaintiff and all Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns. Notwithstanding the passage of any legislation, bill, regulation, or other change in the law that may materially affect the rights of the Named Plaintiff and all Class Members in this Action, this agreement is binding.

**4.5** Survival. The provisions of Sections 2.11(C) shall survive termination of this Agreement.

**4.6** Arms' Length Transaction; Materiality of Terms. The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

**4.7** Captions. The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**4.8** Governing Law. This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New Jersey, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

**4.9** Jurisdiction. The Parties expressly agree to the exclusive jurisdiction of the state and federal courts in Newark, New Jersey in connection with any dispute regarding this Agreement and the Parties hereby consent to the exclusive jurisdiction of the Court for such purposes. The Parties shall further request the Court to retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby, except as otherwise stated in herein.

**4.10** Waivers, Modifications, and Amendments to Be in Writing. No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**4.11** When Agreement Becomes Effective; Counterparts. This Agreement shall become effective upon its full execution. The Parties may execute this Agreement in counterparts,

and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

4.12 Facsimile and Email Signatures. Any party may execute this Agreement by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

4.13 Production of Smentkowski Financial Records: Before the filing of the Application for Preliminary Approval, Smentkowski agrees to produce to Class Counsel tax returns for the three most recent calendar years. These records shall be for attorneys' eyes only, and shall not be used for any purpose other than evaluating the financial viability of Smentkowski.

4.14 Construction. The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

4.15 Consultation and Authority. Counsel for the Named Plaintiff warrant and represent that they have consulted with Named Plaintiff and have full authority to enter into this Agreement on behalf of the Named Plaintiff and the Settlement Class.

**WE AGREE TO THESE TERMS,**

Dated: Edison, New Jersey
September 12, 2016

BIANCAMANO & DI STEFANO, P.C.

By: _____
James Passantino, Esq.
10 Parsonage Road, Suite 300
Edison, NJ 08837

AS *Attorneys for Defendants only*

Dated: New York, New York
September 12, 2016

VIRGINIA & AMBINDER, LLP

By: _____
Lloyd Ambinder, Esq.
Jack Newhouse, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
*Attorneys for Plaintiffs*

19