UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN LUNA DOMINGUEZ and MARLON JOSE GRANADOS, individually and on behalf of all other persons similarly situated who were employed by GALAXY RECYCLING INC., JOSEPH SMENTKOWSKI, INC. d/b/a GALAXY CARTING and/or SMENTKOWSKI GARBAGE REMOVAL and/or any other entities affiliated with or controlled by GALAXY RECYCLING INC., JOSEPH SMENTKOWSKI, INC. d/b/a GALAXY CARTING and/or SMENTKOWSKI GARBAGE REMOVAL, <br><br>                                               Plaintiffs, <br><br>                    -against- <br><br> GALAXY RECYCLING INC., JOSEPH SMENTKOWSKI, INC. d/b/a GALAXY CARTING and/or SMENTKOWSKI GARBAGE REMOVAL, and GARY GIORDANO, individually, <br><br>                                               Defendants. | **Docket No.: 12-cv-7521 (MCA) (LDW)** |

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**TO:  All drivers, driver's helpers, waste collectors and loaders that were employed by Defendants GALAXY RECYCLING INC., JOSEPH SMENTKOWSKI, INC. d/b/a GALAXY CARTING and/or SMENTKOWSKI GARBAGE REMOVAL from December 7, 2010 through December 31, 2015 (the "Class").**

## PLEASE READ THIS NOTICE CAREFULLY

**This Notice relates to a proposed settlement of a class action litigation (the "Settlement Agreement").  It has been authorized by the United States District Court.  It contains important information as to your right to participate in the settlement, make a claim for payment or elect not to be included in the Class.**

## INTRODUCTION

Former Galaxy/Smentkowski employees, JUAN LUNA DOMINGUEZ and MARLON GRANADOS filed a lawsuit in 2012 alleging claims for unpaid wages pursuant to the Fair Labor Standards Act and the New Jersey overtime law.  The court in charge of this case is the United States District Court in Newark, New Jersey (the "Court").  The lawsuit is known as *Dominguez, et al. v. Galaxy Recycling, Inc., et al.,* (the "Action"). Juan Dominguez has been recognized by the Court as the Class Representative.  Plaintiffs allege in the lawsuit that, among other things,

1

Defendants failed to pay them and other similarly situated drivers, driver's helpers, waste collectors, and loaders overtime wages when they worked over 40 hours a week.

Plaintiffs and Defendants have agreed to settle the action subject to the approval of the Court (depending on certain conditions set forth in the Settlement Agreement). Defendants have defended and have vigorously contested the claims in the Action. Defendants deny all material allegations in the Action, have asserted numerous defenses and further maintain that they have consistently acted in accordance with governing laws at all times. Defendants, while denying wrongdoing of any kind whatsoever, and without admitting liability, nevertheless have elected to settle the Action to avoid the expense, inconvenience and the distraction of litigation. The Court has not finally determined who is right and who is wrong or whether this case could, in the absence of this Settlement, proceed as a class action.

Your legal rights may be affected. These rights and options are summarized below and fully explained in this Notice.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

| | |
|---|---|
| **PARTICIPATE** | As described more fully below, to participate in the settlement you must send a properly completed Claim Form and Release along with a completed W-4 Form and one proof of government issued identification such as your Passport, Green Card or Driver's License ("Supporting Documentation") to the Settlement Claims Administrator. The Claim Form and Release must be post-marked, emailed or faxed by **[60 DAYS]**. |
| **EXCLUDE YOURSELF** | If you wish to exclude yourself ("opt-out") from the lawsuit you must follow the directions outlined in response to question 7 below. |
| **OBJECT** | If you wish to object to the settlement, you may write to the Court about why you believe the settlement is unfair or unreasonable. If the Court rejects your objection, you will still be bound by the terms of the settlement unless you submit a valid and timely request for exclusion ("opt-out"). You will not be bound by the settlement if you opt-out of this action as described herein. If you object you may appear at the Fairness Hearing to speak to the Court about the fairness of the settlement. |

### 1. Why did I receive this notice?

You have received this notice because Defendants' records show that you worked for Galaxy/Smentkowski during the period from December 7, 2010 through December 31, 2015.

### 2. What is a class action?

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who have similar claims. These other people are known as Class Members. In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from the Class. United States Magistrate Judge Leda Dunn Wettre is presiding over

this class action settlement.

### 3. Why is there a settlement?

Class Counsel has analyzed and evaluated the merits of the claims made against Defendants in the Litigation, analyzed payroll, contract, financial and other pertinent data for the Class. In addition, the parties participated in settlement session with Judge Wettre. Based upon Class Counsel's analysis and evaluation of this data, relevant law, and the substantial risks of continued litigation, including the possibility that the litigation, if not settled now, might not result less recovery or no recovery at all, Class Counsel has entered this proposed settlement. Class Counsel is also aware that if a settlement is not reached, and the judgment enforced, it could lead to insolvency or bankruptcy of Defendants. Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Plaintiffs and other Class Members, such as yourself.

### 4. Payment to Class

Your settlement allocation is based on the following definitions and formulas:

A. Class Members shall receive 4.5% of their W-2 or 1099 reported gross earnings for the period of December 7, 2010 through December 31, 2015.

B. Class Members that filed a consent to join form and are members of the FLSA collective action shall receive liquidated damages in an amount equal to 100% of the wages they are entitled to pursuant to (A) above.

A complete description of the settlement allocation formula may be found in the executed Settlement Agreement on file with the Clerk of the Court. To request your preliminary settlement amount, you must contact Class Counsel in writing via e-mail, fax, or regular mail. The request should be addressed to Jack Newhouse.

Galaxy Recycling, Inc. has filed for bankruptcy in the United States Bankruptcy Court for the District of New Jersey, *In re Galaxy Recycling, Inc.* Case No. 15-11859-RG. As a result, Class Members employed exclusively by Galaxy Recycling, Inc. will not receive any payments as part of this settlement agreement.

### 5. Payment to Class Representatives

The Settlement proposes that the Class Representative will receive service payments totaling Ten Thousand Dollars ($10,000) for taking a leading role in this litigation and particularly for his very significant involvement and time devoted to the discovery process for the benefit of the Class Members.

| **6.** | **Procedures** |

To receive a distribution, you must timely complete and return the enclosed Claim Form and Release and other Supporting Documentation according to instructions provided on the form. The Claim Form and Release must be personally filled out by the current or former employee who seeks to participate in the Settlement or someone with a legal right to act on his or her behalf and must be **accompanied by a government issued photo identification such as a driver's license, or passport**. **Your W-4 Form must contain a valid Social Security Number or Tax Identification Number ("TIN").** If you do not have a valid Social Security Number or Tax Identification Number you will be given up to one year to obtain a valid number otherwise you will not receive a settlement payment.

The Claim Form and Release and all Supporting Documentation must be mailed, fax or emailed to the Settlement Claims Administrator on or before [**60 DAYS**] (the "Bar Date"). If you mail the Claim Form and Release it must be post-marked by the [**60 DAYS**] Bar Date. If you do not properly complete and timely submit the Claim Form and Release and all Supporting Documentation, your settlement payment will be delayed, or denied.

You should keep in mind that if you do not withdraw form this settlement ("opt out"), and if you do not properly and timely complete and return the Claim Form and Release and provide all Supporting Documentation by the [**60 DAYS**] Bar Date, and in accordance with instructions provided on the form, you will not receive a distribution from the settlement fund, but you will still be bound by the Release of all claims as described in response to question below.

If you timely return the enclosed Claim Form and Release and all Supporting Documentation to the Settlement Claims Administrator so that it is post-marked by the [**60 DAYS**] Bar Date, you will receive payment in the event the Court issues final approval of the Settlement Agreement.

If the Court grants final approval of the Settlement, this action will be dismissed with prejudice against JOSEPH SMENTKOWSKI, INC. d/b/a GALAXY CARTING and/or SMENTKOWSKI GARBAGE REMOVAL. Class Members who do not opt out will fully release and discharge JOSEPH SMENTKOWSKI, INC. d/b/a GALAXY CARTING and/or SMENTKOWSKI GARBAGE REMOVAL through December 31, 2015 from New Jersey state wage and hour claims that have been asserted in the Complaint. This means that you cannot sue, continue to sue, or be party of any other lawsuit against JOSEPH SMENTKOWSKI, INC. d/b/a GALAXY CARTING and/or SMENTKOWSKI GARBAGE REMOVAL regarding the same or similar wage and hour violations brought in this case. It also means that all of the Court's orders will apply to you and legally bind you.

| **7. How Do I Exclude Myself From The Settlement?** |

If you do not wish to participate in this proposed settlement, but you want to keep the right to sue or continue to sue Defendants, on your own, about the legal issues in this case or which could have been brought in this case, then you must take steps to exclude yourself from this case.

If you intend to exclude yourself, you must mail a written, signed statement to the Settlement Claims Administrator stating "I opt out of the Galaxy/Smentkowski lawsuit" and include your name, address, and telephone numbers ("Opt-out Statement").  To be effective, the Opt-out Statement must be and mailed, fax or emailed to the Settlement Claims Administrator on or before the [**60 DAYS**] Bar Date. If you mail the Claim Form and Release it must be post-marked by the [**60 DAYS**]  Bar Date and mailed to:

> FRG Information Systems
> PO Box _____
> New York, N.Y. _____
> Tele (800) _____
> FAX _____
> Email_____
> RE: Galaxy/Smentkowski Class Action

If you exclude yourself from the Lawsuit and Settlement, you will NOT be allowed to object to the settlement as described in paragraph 12 below and you will not be entitled to receive a settlement agreement.

**8. If I don't exclude myself from the settlement, can I sue Defendants for the same thing later?**

Unless you opt-out of this lawsuit, you give up any rights to sue JOSEPH SMENTKOWSKI, INC. d/b/a GALAXY CARTING and/or SMENTKOWSKI GARBAGE REMOVAL for claims bought in this case or which could have been brought in this case, or in the future in the event there is a change in existing law. Remember, the exclusion (opt-out) deadline is [**60 DAYS**].  If you opt-out, you will be required to commence your own civil action.

All claims in this action alleged against Defendants Galaxy Recycling or Gary Giordano are being dismissed without prejudice. This means that you are not giving up your rights to sue Galaxy Recycling or Gary Giordano by participating in this case.

**9. If I exclude myself, can I get money from this settlement?**

No.  If you exclude yourself, you will not receive any money from this lawsuit.

**10. Do I have a lawyer in this case?**

The law firm of  Virginia & Ambinder, LLP, 40 Broad Street, 7th Floor, New York, New York, 10004, (212) 943-9080, www.vandallp.com has been designated as legal counsel to represent you and the other Class Members.  You will not be charged separately for these lawyers.  Their fees are being paid from the Gross Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**11. How will the lawyers be paid?**

5

Class Counsel will ask the Court to approve payment of up to Thirty-Seven percent 37% of the Gross Settlement Fund established by Defendants to them for attorneys' fees plus litigation expenses and all other Costs and Fees to be paid from the Settlement Fund. Other litigation expenses incurred by Class Counsel includes the retention of the Claims Administrator, FRG Information Systems. The fees would also pay Class Counsel for all work that they have performed in this action including filing briefs, engaging in discovery, depositions, motion practice, legal research, investigating the facts, attending court conferences, participating in mediation, and negotiating and overseeing the settlement.

**12. How do I tell the Court that I don't like the settlement?**

You can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement with respect to the Released Class Claims (as defined in the Settlement Agreement on file with the Court) unless you have submitted a valid and timely request for exclusion. To object, you must send a letter saying that you object to the settlement of *Galaxy/Smentkowski Class Action.* Your statement must include all reasons for the objection and any supporting documentation in your possession. Your statement must also include your name, address, email address, and telephone number.

If you wish to present your objection at the Fairness Hearing described below, you must state your intention to do so in your written objection. You statement should be as detailed as possible otherwise the court may not allow you to present reasons for your objection at the Fairness Hearing that you did not describe in your written objection. Mail the objection to the Settlement Claims Administrator via First-Class United States Mail, postage prepaid at the address below. Your objection will not be heard unless it is received by the Bar Date or mailed to the Settlement Claim Administrator via First Class United States Mail and post-marked by the [**60 DAYS**] Bar Date.

FRG Information Systems<br>
PO Box _____<br>
New York, N.Y. \_\_\_\_\_<br>
Tele (800) _____<br>
Email_____<br>
Fax_____<br>
RE: Galaxy/Smentkowski Class Action

The Settlement Claims Administrator will share your objection with Class Counsel and Defendants' counsel and your objection will be filed with the Court.

You may not object to the settlement if you submit a letter requesting to exclude yourself or "opt-out" of the settlement of the lawsuit.

**13. What's the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself from the settlement ("opting-out") is

telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

The Court will hold a Fairness Hearing to decide whether to approve the settlement. Class Counsel will answer questions the Judge may have. You do not have to come to the hearing, but you are welcome to do so at your own expense.

If you send an objection, it is not necessary for you to come to Court to talk about it, but you may do so at your own expense or pay your own lawyer to attend. As long as you mailed your written objection on time, the Court will consider it. If you do attend the hearing, it is possible that you will not be permitted to speak unless you timely object in writing as described above and notify the Court of your intention to appear at the Fairness Hearing.

**14. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing at _____.m. on _____, at the United States District Courthouse, 60 Walnut Street, Newark, New Jersey. The hearing will take place before Hon. Leda Dunn Wettre. At this hearing Judge Wettre will consider whether the terms of the settlement are fair, reasonable, and adequate. If there are objections, the Court will consider them. The Judge will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

You are not required to attend the Fairness Hearing in order to receive payments from this Settlement.

**15. Are there more details about the settlement?**

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can review the Settlement Agreement by asking for a copy of the Settlement Agreement by writing or calling Lloyd Ambinder, Esq. or Jack Newhouse, Esq. at (212) 943-9080, Virginia & Ambinder, LLP, 40 Broad Street, 7th Floor, New York, New York, 10004