UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN LUNA DOMINGUEZ and MARLON JOSE GRANADOS, individually and on behalf of all other persons similarly situated who were employed by GALAXY RECYCLING INC., JOSEPH SMENTKOWSKI, INC. d/b/a GALAXY CARTING and/or SMENTKOWSKI GARBAGE REMOVAL and/or any other entities affiliated with or controlled by GALAXY RECYCLING INC., JOSEPH SMENTKOWSKI, INC. d/b/a GALAXY CARTING and/or SMENTKOWSKI GARBAGE REMOVAL, <br><br>                                   Plaintiffs, <br>            -against- <br><br>GALAXY RECYCLING INC., JOSEPH SMENTKOWSKI, INC. d/b/a GALAXY CARTING and/or SMENTKOWSKI GARBAGE REMOVAL, and GARY GIORDANO, individually, <br><br>                                   Defendants. | No.: 12-cv-7521 (LDW) |

## DECLARATION OF JACK NEWHOUSE IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF THE PROPOSED SETTLEMENT AND ATTORNEYS FEES AND COSTS AND SERVICE AWARDS

I, JACK NEWHOUSE, declare as follows:

1.      I am an attorney at the firm of Virginia & Ambinder LLP ("V&A") in New York, New York, and Plaintiffs' counsel herein.

2.      I am one of the lawyers primarily responsible for prosecuting Plaintiffs' claims in this action and am therefore fully familiar with the facts stated herein.

3.      This declaration is submitted in support of Plaintiffs' unopposed motion for final approval of the proposed settlement as set forth in the Settlement Agreement and Release (hereinafter the "Agreement"). Specifically, Plaintiffs seek an order to (1) approve the settlement

as fair, reasonable, and adequate for both the NJLL Settlement Class ("Rule 23 Class Members")[1] and FLSA Collective Members, (2) bind all Rule 23 Class Members who have not timely opted out to the Released Class Claims as set forth in the Agreement, (3) award Class Counsel attorneys' fees and costs in the amount equal to $450,000.00, (4) award service award to Named Plaintiff Juan Luna Dominguez in an amount equal to $10,000, and (5) dismiss the litigation (i) with prejudice as against Defendant Joseph Smentkowski, Inc. d/b/a Galaxy Carting and/or Smentkowski Garbage Removal, (ii) without prejudice against Defendant Galaxy Recycling, Inc., and (iii) without prejudice against Gary Giordano pending the full payment of the Final Settlement Amount.

## PROCEDURAL BACKGROUND

4. Before entering into the Agreement, V&A conducted thorough investigations of Plaintiffs' claims. V&A conducted extensive legal research on the underlying merits of the class claims, the likelihood of obtaining liquidated damages and the proper measure of damages. They also researched Defendants' affirmative defenses. After filing, Plaintiffs' Counsel conducted further investigations including, but not limited to, interviewing and obtaining declarations from Plaintiffs, Class Members and Collective Members, participating in discovery, depositions, class/collective certification motion practice, and summary judgment motion practice.

5. On September 20, 2013, this Court granted conditional certification pursuant to 29 U.S.C. § 216(b). [Docket No. 23].

6. On December 10, 2015, this Court granted Plaintiffs' motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. [Docket No. 107].

---

[1] NJLL Settlement Class is defined in the settlement agreement as "all drivers, driver's helpers, waste collectors and loaders that were employed by Defendant JOSEPH SMENTKOWSKI, INC. d/b/a GALAXY CARTING from December 7, 2010 to December 31, 2015 and whose settlement is limited to claims under New Jersey Statutes §§ 34:11-56a4 *et seq.*" [*see* Settlement Agreement at Section 1.21, at Docket No. 131, Document 3].

7. The parties also engaged in significant discovery in this case. Formal discovery included reviewing thousands of pages of documents as well as numerous discussions and interviews by Class Counsel with Named Plaintiffs, Class Members and Collective Members. Depositions of Plaintiffs Juan Luna Dominguez and Marlon Granados were taken. Additional discovery was exchanged during settlement negotiations, including extensive payroll and time records for the proposed Class. In all, Class Counsel reviewed over 14,000 records produced by Defendants, including, but not limited to, payroll records and time records.

8. Extensive settlement negotiations between the parties ensued over a period of six months. Counsel for the parties also participated in multiple in-person and telephone settlement conferences before the Honorable Leda Dunn Wettre, the results of which culminated in this settlement. Plaintiffs believe that this settlement represents a significant recovery given the potential damages and the substantial risks if the case proceeds to trial. In reaching the settlement agreement, the Plaintiffs took into consideration the Defendants financial viability. During settlement negotiations, Defendant Joseph Smentkowski, Inc. repeatedly indicated that it could not withstand a judgment larger than the negotiated settlement amount. Defendant Galaxy Recycling, Inc. has filed for bankruptcy, and Defendant Gary Giordano is an individual Defendant.

## SETTLEMENT PROCEDURE AFTER PRELIMINARY APPROVAL

9. The settlement administrator has provided the following information:

    a. The Court approved Notice of Proposed Class Action Settlement and Claim Form and Release were distributed by first class mail on December 14, 2016 to 614 FLSA Collective Members and Class Members both in English and Spanish.

    b. A total of 166 Notices distributed by mail were returned as undeliverable.

   c. Skip traces conducted by the settlement administrator revealed 49 updated addresses. From January 9 to January 30, 2017, Notices were re-mailed to the updated addresses. 18 Notices were returned as undeliverable. As such a total of 135 Notices remained undeliverable.

   d. To date a total 83 individuals filed claim forms with the settlement administrator.

   e. An additional 25 individuals previously filed consent to join forms to participate in this action that are automatically deemed Authorized Claimants.

   f. As a result, there are 108 Authorized Claimants in this case, which amounts to 17.6% of the eligible claimants.

   g. No Class Members elected to opt-out of the settlement.

   h. No objections were received from any Class Members.

10. Settlement payments to all the 108 Authorized Claimants totals $312,475.04.

### APPLICATION IN SUPPORT OF ATTORNEYS' FEES AND COSTS AND APPROVAL OF SERVICES AWARDS

11. No Class Member has objected to the requested attorneys' fees, expense reimbursement, or service awards to Plaintiffs.

12. Counsel spent significant effort to achieve the $1,200,000.00 settlement. Class Counsel conducted thorough investigations of Plaintiffs' claims, including conducting extensive legal research on the underlying merits, the likelihood of obtaining liquidated damages, the proper measure of damages, and Defendants' affirmative defenses. Additionally, Class Counsel conducted further investigations including, but not limited to, interviewing and obtaining declarations from Plaintiffs, Class Members and Collective Members, and participating in discovery and depositions. There was significant motion practice in this case. Class Counsel

successfully opposed Defendants' motion for summary judgment on the Motor Carrier Act Exemption and the Trucking Industry Employer exemption issues. Class Counsel successfully moved for conditional certification of the FLSA collective and Rule 23 Class action. Class Counsel also spent considerable time on formal discovery, included drafting demands and responding on behalf of Plaintiffs, and reviewing over 14,000 of pages of documents. Class Counsel also engaged in ongoing communications with Named Plaintiff and numerous opt-in plaintiffs, and putative class members throughout the litigation. Class Counsel reviewed additional discovery on behalf of class members exchanged during settlement negotiations and created extensive audits to determine damages for settlement purposes. During the settlement discussions Class Counsel also conducted interviews with putative class and collective members, and counsel for the parties participated in multiple in-person and telephone settlement conferences before Judge Leda Dunn Wettre. Class Counsel successfully negotiated this settlement after numerous in person and telephonic settlement discussions, and drafted the settlement documents, including the motion for preliminary approval and this motion for final approval.

13. In performing these tasks, V&A expended approximately 1980.00 hours of attorney, paralegal, and staff member time for a lodestar total of $490,997.57. Each of these hours was recorded contemporaneously when the work was performed.

14. Class Counsel also expanded 7,310.37 for costs such as court and process server fees, postage and courier fees, costs to the administrator for sending notice and processing consent to join forms from the FLSA collective, transportation, discovery costs, deposition reporter and transcript costs, photocopies, and legal research. These expenses were incidental and necessary to the representation of Plaintiffs and the Class.[2]

---

[2] To the extent the Court is not satisfied with Class Counsel's declarations, upon request of the Court, Class Counsel would be happy to submit the billing records, which are over 50 pages.

15. Class Counsel used a small team of attorneys at any one time in order to minimize duplication of efforts and maximize billing judgment and made every effort to have the work performed by the attorney or paralegal with the lowest hourly rate who was able to effectively perform it.

16. Class Counsel also expects to spend considerable time preparing for and attending the final fairness hearing and administering the settlement in the future. In Class Counsel's experience, based on the number of Class Members and Authorized Claimants, this work will include responding to numerous inquiries regarding the settlement and settlement checks, requiring a substantial and ongoing commitment.

17. Class Counsel undertook to prosecute this action without any assurance of payment for their services, litigating this case on a wholly contingent basis in the face of significant risk.

18. Class Counsel are experienced litigators who have successfully represented classes in numerous class actions and have considerable experience in labor law cases.

19. In January 2016, Class Counsel obtained final approval on a very similar settlement relating to overtime claims against a waste disposal company in the District of New Jersey in a case titled Barrios v. Suburban Disposal, Inc., 12-cv-3663 (MF) (*See* Docket No. 115). Class Counsel has obtained final approval of numerous class-wide settlements in the past five years. *See e.g.,* Barry v. SEB Service of New York, Inc., 11-CV-5089(MDG) (EDNY Nov. 12, 2015); Macaluso v. Woodbury International, Inc., Index No. 3216/2012 (Sup. Ct., Nassau Cty., Sept. 9, 2015); Chhab v. Montclair Hotels GCNY, LLC, Index No. 2358/2012 (Sup. Ct. Nassau Cty., July 14, 2015); Lopez v. Bethpage Associates, Index No. 003465/2012 (Sup. Ct. Nassau Cty. Aug. 22, 2015); Parada v. Westbury Manor Enterprises, Inc., Index No. (Sup. Ct. Nassau Cty., July 1, 2014); In re: Penthouse Executive Club Compensation Litigation, 10-CV-1145 (KMW) (S.D.N.Y. Jan.

14, 2014); Chavarria v. Crest Hollow Country Club at Woodbury, Inc., Index No. 017464/2011 (Sup. Ct. Nassau Cty., Comm. Div., Dec. 13, 2013); Khaimov v. JEM Caterers of Roslyn, LLC, Index No. 3215/2012 (Sup. Ct. Nassau Cty., Oct. 16, 2013); Ruiz v. Scotto's Smithtown Restaurant Corp., Index No. 600317/2010 (Sup. Ct. Nassau Cty., June 17, 2013); Toledo et al. v. DCJ Catering Corp., Index No. 600994/2011 (Sup. Ct. Nassau Cty., Dec. 13, 2013); McBeth v. Gabrielli Trucking, 09-CV-4112(LDW) (E.D.N.Y. 2011).

20. The vast majority of the hours billed by V&A attorneys were billed by attorneys Lloyd Ambinder, Jack Newhouse, and Grisell Hernandez.

21. I, Jack Newhouse, have been employed by V&A since 2012, first as a paralegal while I obtained my law degree at St. John's Law School, and as an attorney since my admission in 2013. Prior to joining V&A, I interned for the National Labor Relations Board of Region Two and the Equal Employment Opportunity Commission. I have been published by Forbes for my article on the impact of unpaid internship lawsuits on the internship job market. My billing rate at the time I started working on the case has been gradually increased from $250.00 to $325.00 per hour. I have worked 406.43 hours on this case.

22. Founding partner Lloyd Ambinder is a 1989 graduate of Brooklyn Law School and has exclusively practiced as an attorney in litigation of wage and hour claims. Lloyd has litigated in excess of 500 wage & hour cases, on behalf of at least 20,000 workers, including numerous high profile class actions that have been reported in the New York Daily News, the New York Post and the New Jersey Star Ledger. Lloyd has also argued a number of first impression cases which have had a lasting influence on employment law in New York and New Jersey. Lloyd has been a panelist at symposiums sponsored by the National Alliance For Fair Contracting, the National Conference of Unions and Employee Benefit Funds, the New York County Lawyer's Association,

and the Nassau County Bar Association, where he lectured on public contracting and labor law, class actions, and prevailing wage and overtime law. Lloyd is rated as an "AV Preeminent Attorney" by Martindale Hubbell for Ethical Standards and Legal Ability. Mr. Ambinder's billing rate has been $525.00 per hour for the vast majority of this case, but it has recently been increased to $550.00 per hour, Mr. Ambinder billed 303.9 hours in this action.

23. Ms. Grisell Hernandez is a 2014 graduate of Fordham University School of Law and used to work as an associate at V&A in 2015 and 2016. Ms. Hernandez was fluent in Spanish and regularly spoke about employment issues facing immigrant populations at the Mexican, Guatemalan, Ecuadoran, El Salvadoran, and Honduras consulates. Ms. Hernandez billed at a rate of $250.00 and billed 195.05 hours in this action.

24. V&A paralegals and support staff bill out at a rate of $125.00 per hour.

25. Numerous courts have approved the same or similar hourly rates for V&A attorneys, paralegals, and support staff. *See e.g.* Espinoza v. 953 Assocs. LLC, 280 F.R.D. 113, 130 (S.D.N.Y. 2011) (Judge Shira A. Scheindlin approving V&A partners at $550 per hour, associates at $395.00 per hour, and paralegals at $125.00 per hour); Garcia et al. v. The Executive Club (S.D.N.Y. 10-cv-1545) (Judge Stein approving same hourly wage rates); Sandoval et al. v. Galaxy Gen. Contr. Corp., et al., No. 10-CV-5771 (S.D.N.Y. Aug. 23, 2013) (Judge Gardephe approving same); Aparicio v. Iguana New York LTD. (SDNY 11-cv-1830) (Judge Pauley approving V&A partners at $550 per hour, associates at up to $425 per hour, and paralegals at $125 per hour); Sandoval et al. v. Galaxy Gen. Contr. Corp., et al., (S.D.N.Y. 10-CV-5771) (Judge Gardephe approving same hourly wage rates); Perez et al. v. AC Roosevelt Food Corp. et al. (EDNY 10-cv-4824) (in contested fee application, Judge Gleeson approving hourly rates of $525.00 for partners, $395.00 for associates, $225.00 for accountants, and $125.00 for paralegals);

8

Kalloo v. Unlimited Mech. Co. of NY, 977 F. Supp. 2d 209 (E.D.N.Y. 2013) (in contested fee application after successful bench trial, Judge Gershon approving V&A's voluntarily reduced billing rates of $495.00 for partners, $325.00 for associates, and $100.00 for paralegals); Paguay v. Barbasso, Inc., (S.D.N.Y. 11-CV-6266) (in contested fee application after successful jury trial, Judge Caproni approving $525.00 for partners, $365.00 for associates, $200.00 for junior associates, and $125.00 for paralegals); McBeth, et al. v. Gabrelli Truck Sales Ltd., et al. (EDNY 09-cv-4112) (Judge Wexler approving hourly rates of V&A partners at $495.00 per hour, of counsel at $425.00 per hour, associates at $325 to $395 per hour, and paralegals at $95.00 to $150.00 per hour ).

26. In Barrios v. Suburban Disposal, Inc., 12-cv-3663 (MF) (*See* Docket No. 115), the Court approved Plaintiffs' Counsel's requested fees and costs in their entirety, which were based on nearly identical hourly rates.

Dated: New York, New York
       April 24, 2017

                                            VIRGINIA & AMBINDER, LLP

                                            _____/s/_____
                                            Jack Newhouse, Esq.
                                            40 Broad Street, 7th Floor
                                            New York, New York 10004
                                            Tel : (212) 943-9081
                                            Fax: (212 ) 943-9082
                                            jnewhouse@vandallp.com