UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN LUNA DOMINGUEZ and MARLON JOSE GRANADOS, individually and on behalf of all other persons similarly situated who were employed by GALAXY RECYCLING INC., JOSEPH SMENTKOWSKI, INC. d/b/a GALAXY CARTING and/or SMENTKOWSKI GARBAGE REMOVAL and/or any other entities affiliated with or controlled by GALAXY RECYCLING INC., JOSEPH SMENTKOWSKI, INC. d/b/a GALAXY CARTING and/or SMENTKOWSKI GARBAGE REMOVAL,<br><br>Plaintiffs,<br>-against-<br><br>GALAXY RECYCLING INC., JOSEPH SMENTKOWSKI, INC. d/b/a GALAXY CARTING and/or SMENTKOWSKI GARBAGE REMOVAL, and GARY GIORDANO, individually,<br><br>Defendants. | No.: 12-cv-7521 (LDW)<br><br>**FINAL ORDER APPROVING SETTLEMENT** |

This matter having come before the Court on April 26, 2017 upon Plaintiffs' unopposed motion for Final Approval of the Rule 23 Class and FLSA Collective Action Settlement and final certification of FLSA Collective for Settlement Purposes, as well as Plaintiffs' unopposed motion for attorneys' fees and costs and approval of a service award to Named Plaintiff, and upon review and considerations of the Stipulation of Settlement filed with the Court on September 12, 2016 (Docket No 130, Document No. 3), the evidence and arguments of counsel presented at the Court's Final Fairness Hearing, and the submissions filed with this Court,

**IT IS HEREBY ORDERED** and adjudged as follows:

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this action as reflected in the terms of the Stipulation of Settlement, except as modified herein, is hereby finally approved as fair, reasonable and adequate settlement of this action in light of the factual,

legal, practical and procedural considerations raised by this action. The Stipulation of Settlement, except as otherwise modified herein, is hereby incorporated by reference into this Final Order and Judgment approving settlement, certifying the settlement class, certifying the FLSA collective, awarding attorneys fees and costs, awarding service awards to named plaintiffs and dismissing the action ("Order"). Capitalized terms in this Order shall, unless otherwise defined, have the same meaning as the Stipulation of Settlement.

## **FINAL ORDER AND JUDGMENT**

In December 2012, Named Plaintiff Juan Luna Dominguez ("Named Plaintiff") commenced the above-captioned class action lawsuit (the "Lawsuit") against Defendants Galaxy Recycling, Inc. and Gary Giordano.  Plaintiffs amended their complaint in March October 2013 to add Defendants Joseph Smentkowski, Inc.  (Galaxy Recycling, Inc., Gary Giordano, and Joseph Smentkowski, Inc. are collectively referred to as "Defendants").

Named Plaintiff commenced this Lawsuit against Defendants pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b), New Jersey Statutes §§ 34:11-56a4 *et seq.* to recover unpaid wages and overtime compensation allegedly owed to Named Plaintiffs and all similarly-situated persons employed by Defendants in the waste carting industry ("Plaintiffs").

Defendants denied any and all liability alleged in the Lawsuit.

Conditional certification pursuant to 29 U.S.C. § 216(b) was granted on September 20, 2013.

Class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure was granted on December 10, 2015.

Following extensive arms-length negotiations, discovery and a settlement conference before the Court, Plaintiffs and Defendants ("Parties") entered into a Stipulation of Settlement ("Agreement") which is subject to review under Fed. R. Civ. P. 23 ("Rule 23").

On September 12, 2016, Plaintiffs filed the Agreement along with its unopposed motion for preliminary approval of class and collective action settlement with the Court.

On November 15, 2016, upon consideration of the papers submitted by Plaintiffs in support of preliminary approval, the Court entered an Order of preliminary approval of the class action Agreement.

On April 24, 2017, the Plaintiffs submitted their unopposed motion for final approval of the class and collective action settlement and for approval of attorneys' fees and costs and service award to the Named Plaintiff.

On April 26, 2016 at 10:00 a.m. EST, a fairness hearing was held pursuant to Rule 23 to determine whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

The Plaintiffs now request final certification of the FLSA collective action pursuant to 29 U.S.C. § 216(b) ("FLSA Collective") and settlement class under Rule 23 and final approval of the proposed class action settlement (collectively referred to as "Class Members").

The Court has read and considered the Agreement and papers submitted in support of final approval, and finds as follows:

    1.    This Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

    2.    Pursuant to 29 U.S.C. § 216(b), the Lawsuit is hereby certified as a collective action on behalf of all individuals who worked for Defendants as drivers, driver's

helpers, waste collectors and loaders from December 7, 2010 through December 31, 2015 and submitted timely consent to join forms with the Court.

3. The Court finds that the FLSA Collective members are similarly situated in that they all worked for Defendants, were all subject to the same pay practices, and all seek the same relief, unpaid overtime compensation.

4. The approved class action settlement notices were mailed to Class Members in conformity with this Court's preliminary approval order, satisfying the requirements of Rule 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice was clearly designed to advise the Class Members of their rights.

5. The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strengths and weaknesses of the Plaintiffs' case; the complexity, expense, and probably duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and, the limited amount of any potential total recovery for the class.

6. The Agreement shall be deemed incorporated herein, and the proposed settlement is finally approved and shall be consummated in accordance with the terms and provisions thereof. The material terms of the Agreement include, but are not limited to, the following:

> i. The maximum amount that Defendants shall be responsible for contributing for the payment of all claims, inclusive of professional fees, costs, settlement claims administrator costs, and service awards to the Named Plaintiff shall not exceed the cumulative amount of $1,200,000.00 as further set forth in this Agreement, and subject to Defendants' termination rights.

    ii. Authorized Claimants shall receive 4.5% of their W-2 or 1099 reported gross earnings during the Relevant Period as defined in Section 2.6(B).

    iii. In addition to the payments set forth in paragraph 3.4(A)(2) above, FLSA Collective Members shall receive liquidated damages in an amount equal to 100% of the wages they are entitled to pursuant to paragraph 3.4(A)(2) above.

7. Class Counsel shall be awarded attorneys' fees and costs in the amount of $450,000.00.

8. For services rendered on behalf of the Lawsuit and Class, Named Plaintiff Juan Luna Dominguez shall be awarded $10,000.00. This service award is in addition to any settlement amounts that the Named Plaintiff is eligible to receive pursuant to the Agreement as a member of the Rule 23 Class and FLSA Collective.

9. The Class Members were given an opportunity to object to or opt-out of the settlement. No Class Members objected or opted-out to the Settlement.

10. This order is binding on all Rule 23 Class Members.

11. The Named Plaintiff, Rule 23 Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually, as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement. Pursuant to the release contained in the Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

12. This Lawsuit is hereby dismissed with prejudice against Joseph Smentkowski, Inc.

13. This Lawsuit is hereby dismissed without prejudice against Galaxy Recycling, Inc.

14. This Lawsuit is hereby dismissed without against Defendant Gary Giordano pending full payment of the Final Settlement Amount. Upon the full payment of the Final Settlement Amount, all Released Class Claims shall be dismissed as against Defendant Gary Giordano with prejudice in accordance with the terms and conditions of the Agreement.

15. This order is not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

16. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement and consummation of the settlement and this order.

SO ORDERED THIS ___ DAY OF _____ 2017.

_____
Hon. Leda Dunn Wettre, U.S.M.J